THE STATE ex rel. CITY OF STANBERRY v. SMITH et al., Judges of KANSAS CITY COURT OF APPEALS.

Division Two, March 17, 1903.

1. **Supreme Court**: POWER OVER COURTS OF APPEALS. The Supreme Court has the constitutional power to compel the proper court of appeals to hear and determine a cause over which it has jurisdiction.

2. **Appeals**: ABSTRACT: FAILURE TO SET OUT JUDGMENT: DISMISSAL. An appeal can not be dismissed for a failure of appellant to set out the judgment in the abstract or its amount, where the judgment itself is not challenged. Nor can it be dismissed for such failure, where the certificate of judgment required by the statute has been duly filed in the case.

3. ——: ——: ——: ——: CERTIFICATE. The certificate of judgment is the basis of all proceedings in the appellate court to which the case is taken by the "short method" process, and where such certificate has been filed, the appeal can not be dismissed for a failure to set out the judgment in the abstract.

4. ——: ——: ——: MANDAMUS IN SUPREME COURT. If an appeal to a Court of Appeals has been dismissed by it for a failure by appellant to set out in his abstract the judgment which is not challenged, or even if challenged when the same is set forth at length in the certificate of the judgment, the Supreme Court by mandamus will compel such Court of Appeals to set aside its order of dismissal, and to hear and determine such appeal, if it otherwise has jurisdiction over it.

5. ————: FAILURE TO HEAR CAUSE: MANDAMUS: LACHES. Where a Court of Appeals has wrongfully dismissed an appeal over which it has jurisdiction, the appellant will not be charged with laches on the theory that the mandate of the Court of Appeals had gone down before his application to the Supreme Court for a mandamus to compel such Court of Appeals to hear and determine such appeal, if he availed himself of every known remedy to induce the Court of Appeals to reinstate the cause, and the rights of no third party have intervened, and the rights of the respective parties have not changed. The fact that the Court of Appeals adjourned for the next (fall) term soon after its refusal to reinstate the cause in no wise affects the jurisdiction of the Supreme Court to award the mandamus.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Ed. E. Aleshire* and *Sam H. Benson* for relator.

(1) The Supreme Court has superintending control over all inferior courts in the State. This jurisdiction includes control of mandamus over the courts of appeal by express provision. Const., sec. 3, art. 6; sec. 8 of Amends. 1884 to Const., p. 94, R. S. 1899; State ex rel. v. Philips, 97 Mo. 331; State ex rel. v. Rombauer, 101 Mo. 504. (2) Mandamus is the proper remedy where an inferior court improperly dismisses an appeal and refuses to hear the cause. State ex rel. v. Philips, supra; Ex parte Parker, 120 U. S. 737; Harrington v. Holler, 111 U. S. 796; State ex rel. v. Cape Girardeau Court, 73 Mo. 560; Costello v. Cir. Ct., 28 Mo. 259; Miller v. Richardson, 1 Mo. 310; State ex rel. v. Neville, 157 Mo. 386. (3) The abstract of the record complied with the statute and the rules of the court of appeals, and was therefore sufficient. The requirement of both the statute and rule of court are that the abstract shall set forth so much of the record as is necessary to a full understanding of all the questions presented to the court for decision. R. S. 1899, sec. 813; Rule 15, K. C. Court of Appeals. The abstract plainly complied with these requirements. Ricketts v. Hart, 150 Mo. 64; Ormiston v. Trumbo, 77 Mo. App.

310; Ricketts v. Hart, 73 Mo. App. 647; Badger Lumber Co. v. Knights of Pythias, 157 Mo. 379; Stewart v. Sparkman, 69 Mo. App. 460; Dry Goods Co. v. Brown, 73 Mo. App. 245. (4) If respondent was not satisfied with appellant's abstract he was permitted under the statute and rule of court above cited to file such additional abstract as he desired. Ricketts v. Hart, 73 Mo. App. 747.

*Peery & Lyons* for respondents.

(1) Within the sphere of its constitutional powers, the decisions of the court of appeals are as binding and valid as the decisions of this court, and its decisions, whether erroneous or not, in matters properly cognizable by it, are not subject to review or correction by the Supreme Court. State ex rel. v. Rombauer, 125 Mo. 635; Bank v. Woesten, 144 Mo. 407; State ex rel. v. Rombauer, 140 Mo. 121; State ex rel. v. Court of Appeals, 99 Mo. 216. (2) The judgment and decision of the court of appeals, dismissing the appeal and awarding costs to respondent, was a final judgment, from which an appeal would lie if rendered by an inferior court, and when rendered by a court of last resort, as in this case, is not subject to review by any other court. O'Conner v. Koch, 56 Mo. 253; Bowie v. Kansas City, 51 Mo. 454; State ex rel. v. Neville, 110 Mo. 349; Gray v. Dryden, 79 Mo. 106; Topping v. Mfg. Co., 84 Mo. App. 42; Bohle v. Kingsley, 51 Mo. App. 389. A distinction is to be taken between a final judgment of this character and mere order of a court striking a case from its docket and arbitrarily refusing to proceed with it. Astor v. Chambers, 1 Mo. 192; State ex rel. v. Philips, 97 Mo. 499. (3) According to the greater weight of respectable authority both in this State and in other jurisdictions under similar constitutional and statutory provisions, where a court, in the exercise of its lawful jurisdiction, "determines judicially that an appeal is not well taken, either for lack of merit or for failure to comply with the pre-

scribed forms of law'' and renders final judgment dismissing the appeal, its action is not subject to review by mandamus. State ex rel. v. Smith, 105 Mo. 9; State v. Judges, 37 La. Ann. 111; People v. Judges, 1 Mich. 359; U. S. v. Lawrence, 3 Dall. 42; Ex parte v. Hoyt, 13 Pet. 290; People v. Judges, 20 Wend. 658; Lewis v. Barclay, 35 Cal. 214; State v. Lighter, 36 La. Ann. 200; Ewing v. Cohen, 63 Tex. 482; Ex parte Brown, 116 U. S. 401; High, Ext. Leg. Rem., secs. 154-173-191; State v. Judges, 105 La. 217; State v. Judges, 47 La. Ann. 510; People v. Weston, 28 Cal. 639; Hemstead Co. v. Graves, 44 Ark. 317; Railroad v. Dist. Court, 21 Nev. 409; State v. Wright, 4 Nev. 119; Com. v. Judges, 3 Bin. (Pa) 273; Coriago v. Dryden, 29 Cal. 307; Elkins v. Athearn, 2 Denio 191; State v. Norton, 29 Kan. 506; Railroad v. Shinn, 60 Kan. 111; Davis v. York Co. Comrs., 63 Maine 396; High, Ext. Leg. Rem., sec. 163. (4) Before the writ of mandamus will issue, the relator must show a clear legal right to the relief asked. State ex rel. v. Hudson, 13 Mo. App. 61; State ex rel. v. Williams, 99 Mo. 291; State ex rel. v. Lesueur, 136 Mo. 452. And even though the relator have an undoubted legal right to the relief asked for, the issuance of the writ rests in the wise discretion of the court. State ex rel. v. Railroad, 77 Mo. 143. (5) In this case nearly six months elapsed after the cause had been finally determined by the court of appeals, before relator applied to this court for the alternative writ. The mandate had been sent down to the trial court, execution had been issued and proceedings instituted to enforce collection of the judgment; and those proceedings are still pending. Relator is estopped by its conduct in this matter to ask for the extraordinary relief to be granted by the writ of mandamus. Hale v. Risley, 69 Mich. 596; 13 Enc. Pl. and Pr., p. 499; State ex rel. v. Finley, 74 Mo. App. 216; State ex rel. v. Police Com., 80 Mo. App. 224; State ex rel. v. Corley, 168 Mo. 126. ''The courts are very reluctant to grant this writ where it may injuriously affect the rights of third parties who are not before the court.'' Merrill on

Mand., secs. 83, 87; Chinn v. Trustees, 32 Ohio St. 236; Gray v. Cir. Judge, 49 Mich. 628; High, Ext. Leg. Rem., sec. 269; 19 Am. and Eng. Ency. Law (2 Ed.), p. 755. Cases from different jurisdictions, where it was held, under the varying circumstances of each case, that delays ranging from four months to two years were such as would preclude the granting of the writ. In re Vanderhoof, 15 Miss. 434, 36 N. Y. Supp. 833; People v. Justices, 78 Hun 334; People v. Halmer, 38 N. Y. Supp. 651; People v. Collins, 39 N. Y. Supp. 698; People v. Com. Pleas, 2 Wend. 264; Mabley v. Judge, 41 Mich. 39; Clarke v. Earle, 42 N. J. L. 94; Eggleston v. Judge, 50 Mich. 147; Crittenden v. Reilly, 97 Mich. 637; State v. Juneau Co., 38 Wis. 558; 13 Ency. Plead. an Prac., p. 499. (6) Even though the court should be of opinion that mandamus will lie, still the writ will not issue, for the reason that the abstract of the record is grossly defective and insufficient to confer jurisdiction upon the court of appeals to hear and determine the appeal. We invite a careful examination by the court of the abstract filed as an exhibit in this case. It contains no final judgment, neither does it contain any reference of any nature to the fact that a judgment was rendered; nor is there any order granting an appeal shown, nor any reference to the granting of an appeal, except what appears in the bill of exceptions. In appeals taken by what is known as the short method, the abstract takes the place of a transcript, and must contain a sufficient portion of the record to show that the court has jurisdiction to hear the appeal. The court will not look into the transcript to ascertain whether the appeal has been properly taken. Butler Co. v. Graddy, 152 Mo. 441; Halstead v. Stone, 147 Mo. 649; State ex rel. v. Reynolds, 82 Mo. App. 152; Lawson v. Mills, 150 Mo. 428; West. Stor. Co. v. Glasner, 150 Mo. 426; Mills v. McDaniels, 59 Mo. App. 331; Adams v. McCormick H. Co., 68 S. W. 1053; Walser v. Wear, 128 Mo. 652.

GANTT, P. J.—This is an original proceeding in this court by relator to obtain a peremptory writ of mandamus directing the judges of the Kansas City Court of Appeals to reinstate the cause of Nellie Campbell against the city of Stanberry, and to hear and determine an appeal in said cause, heretofore certified to said court and by it dismissed. The following summary of the facts will suffice for a proper understanding of the opinion:

In 1896 Miss Nellie Campbell brought her action against the city of Stanberry for damages resulting to her from a fall into an excavation in one of the public streets of said city, and recovered judgment against said city for $2,500 at the September term, 1900, of the circuit court of Gentry county. From that judgment the defendant city appealed to the Kansas City Court of Appeals.

At the September term, 1900, of the circuit court, after the motions for new trial and in arrest of judgment had been filed and overruled, leave was given defendant to file a bill of exceptions during the December term, 1900, of said court, and afterward during the December term of said circuit court and on December 22, 1900, the defendant filed its bill of exceptions, signed and sealed by the judge of said court. Thereafter, to-wit, on February 8, 1901, and more than fifteen days before the March term, 1901, of the Kansas City Court of Appeals, a certified copy of the record of the judgment of the circuit court, showing the term and day of the term, month and year at which the same was rendered, together with the order granting the appeal to the Kansas City Court of Appeals, was filed in the office of the clerk of the said Court of Appeals. Afterwards the said cause was duly set down for hearing in said Court of Appeals on the —— day of October, 1901, and continued by agreement until March term, 1902, of said court. Prior to said appeal the Kansas City Court of Appeals had adopted and promulgated

certain rules of practice therein, among which was the following rule numbered 15, in regard to abstracts of record:

"In all cases the appellant or plaintiff in error shall file with the clerk of this court on or before the day preceding the day on which the cause is docketed for hearing, five copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full understanding of all questions presented to this court for decision." Said rule further provides that "the appellant or plaintiff in error shall also deliver a copy of said abstract to the attorney for respondent or defendant in error at least twenty days before the day on which the cause is docketed for hearing."

Another rule of said court numbered 18 provides, "If any appellant or plaintiff in error, in any civil cause, shall fail to comply with the provisions of rule numbered 15, the court when the cause is called for hearing, will dismiss the appeal or writ of error, or at the option of respondent in error, continue the cause, at the costs of the party in default. No oral argument will be heard from any counsel failing to comply with the provisions of rule 15."

On February 25, 1902, the appellant, the city of Stanberry, filed in the office of the clerk of the Kansas City Court of Appeals, five copies of an abstract of record in said cause which abstract contained:

First, the petition, the answer and reply, the same being all the pleadings in said cause;

Second, the statement as follows:

Showing a history of the trial of the cause and the finding of the verdict by the jury under the instructions of the court. The jury found a verdict for the plaintiff in the sum of twenty-five hundred dollars.

Third, under the caption of "The Abstract of Record" a full and complete copy of the bill of exceptions as filed in the circuit court of Gentry county, including a statement that the cause was tried at the September term, 1900, of the circuit court of Gentry county, Mis-

souri, before Hon. Gallatin Craig, Judge, and a jury, and the following proceedings were had and done, said bill of exceptions including all the evidence in said cause; the objections and rulings and the exceptions thereto; the instructions given and refused, and the exceptions thereto; the statement that the jury returned a verdict in favor of the plaintiff, assessing her damages at twenty-five hundred dollars, and that on the same day that said verdict was returned, the defendant filed its motion for a new trial and in arrest of judgment, being set out in full; the action of the court in overruling said motion and the exceptions to said ruling, all of which is stated in said printed abstract to be contained in and forming a part of said bill of exceptions, and said abstract further stated that said bill of exceptions was allowed, signed and sealed on December 22, 1900, and the signature of the judge of said circuit court, namely Gallatin Craig, Judge, is printed in said abstract at the conclusion of said bill of exceptions; that after setting out said bill of exceptions, and the signature of the judge thereto, the following was stated in said abstract of the record, to-wit:

Indorsed as follows: "Filed December 22, 1900, Dale S. Flowers, Clerk Circuit Court." That said motion for a new trial asked the court to set aside the verdict, because against the law and the evidence and other reasons, and said motion in arrest states that the judgment upon the record is erroneous and the court erred in overruling defendant's motion for a new trial.

Afterwards on said 3rd day of March, 1902, said cause was argued before the Kansas City Court of Appeals on behalf of both appellant and respondent and the said cause was thereupon submitted to said court; and afterwards on April 7, 1902, said Kansas City Court of Appeals entered an order, dismissing the said cause from said court on the ground as given by the court, in its opinion hereinafter noted.

Afterwards on April 10, 1902, and at the same term of said court, the appellant filed in said court a

Vol 172 mo—40.

motion for rehearing of said cause and to set aside the judgment dismissing the appeal, and to reinstate the said cause on the docket of said court, which said motion the court afterwards on June 2, 1902, overruled, and the said court has refused and still refuses to set aside said dismissal or reinstate said cause or to hear and determine the same.

The abstract of record above noted did not contain a copy of the judgment, or date of rendition or a recital in narrative form of its rendition, amount and date, but the certificate required by the statute of this State, to-wit, section 813, Revised Statutes 1899, filed by the appellant in said cause in the Kansas City Court of Appeals, did contain all of the facts required by that section.

On or about February 1, 1902, the city of Stanberry served on the plaintiff's attorney of record a copy of said abstract, together with a copy of appellant's brief and statement in the case. Respondent filed no counter abstract and made no motion to affirm the judgment for failure to file the certificate of judgment or complete transcript, either before the day the cause was set for hearing or when it was called for argument, but in their brief counsel for respondent made the point: ''The appellant's abstract of the record is fatally defective. It does not show any final judgment.''

On March 3, 1902, the cause was argued before the Court of Appeals and submitted to the court. On April 7, 1902, the Court of Appeals made an order dismissing the appeal in said cause and in an opinion by the court assigned the following reasons:

''PER CURIAM.—The respondent contends that, as there is no final judgment as shown by the appellant's abstract, the appeal should be dismissed. It appears from the appellant's abstract that there was a trial before a jury and verdict for the respondent; that a motion for a new trial was filed, which was overruled by the court; and that within the four days appellant

filed a motion to arrest the judgment. But it is no-where stated in the abstract that a judgment was rendered, and there is no allusion to a judgment, other than that a motion in arrest was filed, overruled, and the action of the court in that respect excepted to. It is well settled that an appeal lies only from a final judgment (Holloway v. Holloway, 97 Mo. 639, 11 S. W. 233, 10 Am. St. Rep. 339), and the abstract should show such a judgment (Mills v. McDaniels, 59 Mo. App. 331). It follows, therefore, that the appeal should be dismissed, which is accordingly done. All concur.''

Afterwards at the same term the appellant filed a motion to set aside the said order and reinstate the case, which motion the court overruled on June 2, 1902, and afterwards on November 26, 1902, applied to one of the judges of the Supreme Court for an alternative writ of mandamus to the Court of Appeals requiring it to reinstate said cause. The return of the Court of Appeals, after stating all of the foregoing facts in substance, further pleads that it sent down its mandate and that proceedings to enforce the circuit court's judgment by mandamus against the city council of Stanberry had been begun and were pending.

I. The constitutional power of this court to require one of the Courts of Appeals to exercise its jurisdiction by hearing and determining a cause of which it has jurisdiction, we regard now as fully settled. In addition to the jurisdiction conferred in the Constitution on this court by section 3, article 6, giving it ''a general superintending control over all inferior courts'' and ''power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, and other remedial writs, and to hear and determine the same,'' it has the special authority granted by section 8 of the amendments of the Constitution adopted in November, 1884, to-wit, ''superintending control over the courts of appeals by mandamus, prohibition and certiorari.'' [State ex rel. Bayha v. Philips, 97 Mo. 331; State ex rel. v. Smith, 172 Mo. 446.]

In this last case this court in Banc considered the duty of the Court of Appeals to hear and determine an appeal which it had dismissed for the reason that "the abstract of the record does not contain the judgment or the date when it was rendered," and other grounds not mentioned in its opinion in this case. In that case it is true the appellant did state in narrative form that "at said December term, 1900, upon the return of the verdict, the court rendered judgment that the plaintiff have and recover judgment of defendant the sum of one thousand dollars and the cost of this suit," whereas in the abstract of record in this case the appellant failed to state the rendition of the judgment, or its amount, and failed to set forth the judgment at all. In discussing the sufficiency of the abstract in the Rock Island case, supra, Judge BRACE speaking for the court said: "So that of the several reasons assigned by the Court of Appeals for dismissing the appeal, the only one that had a show of support was that the abstract did not show the day of the month, or of the term when the judgment was rendered, a matter wholly immaterial to the consideration of any question presented for decision in the case, and which, if desired for any purpose, was set forth in the certified copy of the record entry of the judgment filed in the beginning as the basis of all the proceedings in the Court of Appeals." In the errors assigned in this case and the points urged by counsel of appellant for reversal, no error is pointed out in the judgment itself, but the errors assigned all related to the admission and rejection of evidence and the giving and refusing of instructions, and the judgment itself was a matter wholly immaterial to any point raised. While we fully agree with the Court of Appeals as stated in its opinion "that an appeal lies only from a final judgment" (Holloway v. Holloway, 97 Mo. 639), we can not subscribe to the statement that unless the judgment itself is set out in the abstract the appeal must be dismissed, where the judgment itself is not challenged, nor that when the appellant has duly filed a certificate as was done in this case showing the

day of the month and of the term when the judgment was rendered, and the judgment itself.

This certificate, as Judge BRACE says, is the basis of all the proceedings in the Court of Appeals and in this court when an appeal is taken by the short method provided in section 813, Revised Statutes 1899, and it has uniformly been ruled that an appeal would not be dismissed for a failure to set out the judgment in the abstract when such a certificate has been filed.

This certificate being on file, if it becomes necessary for any purpose to consider the judgment itself, it is an easy matter to read the certificate itself. So that while appellant might very properly have made a brief statement in narrative form of the rendition of the judgment and its amount, as was done in the Rock Island case, supra, the reason of our conclusion in that case equally applies to the case before us, and as the judgment of dismissal was based solely on this ground, we think the cause was improperly dismissed in this case also.

II.   One further ground is urged by the respondents herein that was not presented in the Rock Island case, and that is the laches of the appellant in presenting this application.   This is based upon the fact that the appellant waited until the mandate went down to the circuit court and proceedings were there commenced to enforce the judgment by mandamus against the city which were and now are pending in the Gentry Circuit Court.   As to this point it is sufficient to say that the appellant availed itself of every known remedy to induce the Court of Appeals to reinstate the case in that court, and was utterly powerless to prevent the issuing of the mandate.

It will be noted that the rights of no third parties are involved in this proceeding.   It remains a controversy between the original parties to this action.   The mandate was sent down to the Gentry court only a few days before the final adjournment of this court at its April term, 1902, and this application was made at the October term, 1902, the next term after the mandate

was filed in the circuit court. The mandamus from the circuit court was continued to its December term, 1902, and the alternative writ was issued from this court in November. The rights of the respective parties have not been changed and the plea of laches should not prevail in the circumstances of this case. The fact that the Court of Appeals had adjourned for the spring term in no manner affects our jurisdiction. [State ex rel. v. Lewis, 71 Mo. 170; State ex rel. v. Public Schools, 134 Mo. 312; State ex rel. v. Philips, 96 Mo. 570.]

As all the other propositions are so fully discussed in the opinion of Judge Brace in the Rock Island case, in Banc, we deem it unnecessary to extend this opinion to greater length. It results that a peremptory writ must be awarded to reinstate the appeal and hear and determine it. All concur.