## THE STATE ex rel. SPRINGFIELD TRACTION COMPANY v. BROADDUS et al., Judges of Kansas City Court of Appeals.

In Banc, November 27, 1907.

1. **COURT OF APPEALS: Erroneous Opinion: Correction by Mandamus.** Where a Court of Appeals has rendered an opinion in a cause over which it had jurisdiction, namely, to the effect that no bill of exceptions had been filed in the trial court, whether that opinion be correct or not, it cannot be compelled by the Supreme Court through its writ of mandamus to hear and decide the cause on its merits on the ground

State ex rel. v. Broaddus.

that it erroneously held that no bill of exceptions had been filed therein.

2.  ——: ——: ——: **Bill of Exceptions: Record Showing Filing.** A judgment was rendered against relator for $2,000 and relator appealed to the Court of Appeals, and within time allowed by the trial court presented its bill of exceptions to the trial judge, who approved the same, and on the same day the clerk indorsed thereon these words: "In obedience to the order of Honorable Argus Cox, Judge, in vacation, I file this bill of exceptions this 17th day of February, 1906. Luther Hyde, Clerk," but no entry was made of record showing such filing, and on appeal the Court of Appeals held no bill was filed, since the filing was not "authenticated by some entry on the records of the court." Thereupon appellant sued out mandamus in the Supreme Court to compel the Court of Appeals to consider the cause on its merits, its contention being that the court erred in holding that any record entry showing the filing of the bill in vacation, other than the clerk's indorsement thereon, was necessary. *Held,* that the Court of Appeals had jurisdiction to render an erroneous decision as well as a correct one, and that the question is not whether its opinion was correct or erroneous, but as it had jurisdiction of the cause, and rendered an opinion therein, its ruling was a judicial act, and its decision is final, and the error in its opinion, if any, cannot be corrected by writ of mandamus.

   *Held,* by Gantt,    J., dissenting, that (1) the ruling of the Court of Appeals was clearly wrong, and contrary to the prior decisions of the Supreme Court, and denies to relator a plain legal right; and (2) the Constitution having given the Supreme Court a superintending control over the Courts of Appeals, and provided that "the last previous rulings of the Supreme Court shall in all cases be controlling authority in said Courts of Appeals," the writ of mandamus should go, in order that justice may not be denied relator, that there may be but one uniform practice in the appellate courts of this State, and that the Courts of Appeals should conform to the practice of the Supreme Court.

3.  **MANDAMUS: Errors.** Mandamus cannot be used to correct errors in a judicial act of an inferior court.

## Mandamus.

PEREMPTORY WRIT DENIED.

*Skinker, Delaney & Delaney* for relator.

The Kansas City Court of Appeals erred in affirming the judgment; erred in refusing to consider the manifest and manifold errors committed by the trial court, and entirely overlooked the repeated rulings of the Supreme Court; and erred in holding that no bill of exceptions had been filed because there was no vacation entry showing such filing. The court entirely overlooked the fact that the bill of exceptions was filed within the time allowed by an order of court. The opinion of the Kansas City Court of Appeals recites the order of the circuit court giving appellant the right to file its bill of exceptions on or before March 1, 1906, and recites in said opinion that said bill of exceptions was filed within said time. The said court finds, "taking both abstracts into consideration, they show a complete history of the case." Then by a singular oversight the said court assumed that appellant's standing in the Court of Appeals depended entirely on the entry on the bill of exceptions made by the judge in vacation and by the endorsement of the clerk thereon. Secs. 526, 732, R. S. 1899; Carter v. Prior, 78 Mo. 222; Ferguson v. Thacker, 79 Mo. 511; Lafollette v. Thomson, 83 Mo. 199; Wilson v. Railroad, 167 Mo. 323; Ricketts v. Hart, 73 Mo. App. 647; Allen v. Funk, 85 Mo. App. 461; Mitchell v. Williams, 79 Mo. App. 389; Ricketts v. Hart, 150 Mo. 64; Roush v. Cunningham, 163 Mo. 173.

*O. T. Hamlin* and *Rechow & Pufahl* for respondents.

(1) This being a case in which the Kansas City Court of Appeals has exclusive appellate jurisdiction, and having judicially passed upon the entire record before them and passed upon the merits of the case, so far as in their judgment the same was before them, their action is final. State ex rel. v. Smith, 105 Mo. 6;

State ex rel. v. Broaddus.

State ex rel. v. St. Louis Court of Appeals, 87 Mo. 375; Dunklin County v. District Court, 23 Mo. 449; State ex rel. v. Ross, 118 Mo. 46; Smith v. Railroad, 143 Mo. 38. (2) This case is unlike the case of State ex rel. v. Smith, 172 Mo. 446, and the case of State ex rel. v. Philips, 97 Mo. 346. In these cases there was no final judgment. The appeal was dismissed. On the contrary, these cases support the position of respondents in this case. In the case of State ex rel. v. Philips, Judge SHERWOOD remarks, ''Of course this line of remark is not intended to apply nor can it apply to cases like that of State ex rel. v. St. Louis Court of Appeals, 87 Mo. 374, where the Court of Appeals affirmed the judgment on the ground that the motion for judgment against a stockholder was not incorporated in the bill of exceptions; for there a final judgment was rendered in the usual course of judicial procedure, and however great errors were committed therein, they furnished no ground for mandamus.'' In the case at bar the court examined the entire record; passed upon the sufficiency of the record proper and rendered final judgment affirming the case. In such circumstances mandamus does not lie.

BURGESS, J.—This is an application for mandamus to require the respondents, Judges of the Kansas City Court of Appeals, to proceed with and hear, examine and determine upon its merits a cause recently pending in said court, wherein Mahala Cramer was plaintiff and the Springfield Traction Company was defendant.

The alternative writ is substantially as follows:

''Whereas, the Springfield Traction Company, by its petition, has represented to us, to-wit, that on the 10th day of August, 1905, it being the August term of the circuit court of Polk county, Missouri, there was

pending in the circuit court of Polk county, Missouri, a certain cause in which one Mahala H. Cramer was plaintiff and the said Springfield Traction Company was defendant, and that on the said 10th day of August, 1905, a verdict therein was returned in favor of said Mahala H. Cramer, plaintiff, and against the said Springfield Traction Company; and that thereafter, at and during the said August term, 1905, of said Polk County . Circuit Court, and within four days after the return of said verdict, to-wit, on August 12, 1905, the said Springfield Traction Company filed its motion for a new trial therein, setting forth therein errors alleged to have been committed in the trial of said cause; and that on the same day, to-wit, August 12, 1905, and during the said August term, 1905, and within four days after the rendition of and return of the verdict therein, the said Springfield Traction Company filed its motion in arrest of judgment, assigning and setting forth in said motion alleged errors in the trial and alleged defects in the petition, and matters showing said judgment to be void as alleged and claimed by said defendant; that thereafter, to-wit, on September 28, 1905, it being the said August term, 1905, of said circuit court of Polk county, Missouri, the said motion for a new trial was by the said circuit court heard and was on said day overruled, to which ruling defendant objected and excepted at the time, and that on the same day, to-wit, September 28, 1905, and it being the August term, 1905, of said Polk County Circuit Court, the said motion in arrest was by the said court heard and was on said date, September 28, 1905, overruled, to which ruling defendant objected and excepted at the time; that thereupon, on the same day, to-wit, September 28, 1905, and during the said August term, 1905, of said Polk County Circuit Court, the said Springfield Traction Company filed its affidavit for appeal and that said

appeal on said day was allowed by said circuit court of Polk county, Missouri, by its order duly entered of record and which record entry is as follows, to-wit: 'Now on this day comes the defendant and files its affidavit for appeal and all and singular being seen, heard and fully understood, the said appeal is allowed and said defendant is granted an appeal to the Kansas City Court of Appeals, and it is further ordered that the defendant have until and including the first day of the next regular term of this court in which to file its exceptions.' That on the same day, to-wit, September 28, 1905, it being the August term, 1905, of said circuit court of Polk county, Missouri, the said Springfield Traction Company filed its bond for appeal and on said day, to-wit, September 28, 1905, the said bond was duly approved.

"And Whereas, the said Springfield Traction Company by its said petition has further represented to us that thereafter, to-wit, on the 27th day of November, 1905, it being the first day of the November term, 1905, of the said circuit court of Polk county, Missouri, and it being within the time allowed defendant the Springfield Traction Company within which to file its bill of exceptions, the said circuit court of Polk county, Missouri, for good cause shown did by its order of record extend the time for the filing of its said bill of exceptions until and including the first day of March, 1906, which order of record is in words as follows: 'Now on this 27th day of November, 1905, the defendant in open court asks that the time be extended within which to file its bill of exceptions and all and singular being heard, it is by the court ordered that the time for filing said bill of exceptions be extended and that the defendant have on and including the 1st day of March, 1906, in which to file the same.'

"And Whereas, the said Springfield Traction Company, by its said petition, has further represented to us

that thereafter, to-wit, on the 17th day of February, 1906, it, the said Springfield Traction Company, presented to Honorable Argus Cox, he being the judge of the said circuit court of Polk county, Missouri, its bill of exceptions in said cause and the said judge having examined the same, did on said February 17, 1906, allow the same and did on said February 17, 1906, sign the same and attach his seal thereto and by endorsement thereon on said day did direct the clerk of said circuit court of Polk county to file the same; that on said 17th day of February, 1906, the said Springfield Traction Company did present the said bill of exceptions so allowed, signed and sealed to the said clerk of said circuit court of Polk county at and in the office of said clerk and did file said bill of exceptions with said clerk and that on said date its said clerk made the following endorsement thereon: 'In obedience to the order of Honorable Argus Cox, Judge, in vacation, file this bill of exceptions this 17th day of February, 1906. LUTHER HYDE, Clerk.'

"And Whereas, it is further represented to us by the said Springfield Traction Company in its petition so filed with us that on the — day of March, 1906, the said Springfield Traction Company filed with and in the office of the clerk of the Kansas City Court of Appeals a certified copy of the judgment so rendered in the circuit court of Polk county, Missouri, and did on said date file with and in the office of the said clerk of the said Kansas City Court of Appeals a certified copy of the order made by the circuit court of Polk county, Missouri, allowing said appeal.

"And Whereas, the said Springfield Traction Company by its petition hath further represented to us as follows: That about the time of the granting of said bill of exceptions a stipulation was entered into between counsel for appellant and counsel for respondent

207 Sup.—8

in said action, as follows: 'It is hereby stipulated that any misrecitals in bill of exceptions in this case may be corrected by either party hereto before final submission in Court of Appeals; and any omission may be supplied by either party before said final submission, and any error of facts or files or the dates thereof or any misrecital of any error in or omission of evidence may be supplied by either party hereto before final submission;' that said cause was originally set for the — day of April, 1906, it being the April term, 1906, of the said Kansas City Court of Appeals; that in the month of February, 1906, the counsel for said Springfield Traction Company, T. J. Delaney, requested of Hon. O. T. Hamlin, counsel for respondent Mahala H. Cramer, that said cause be continued by consent to the October term, 1906, of said Kansas City Court of Appeals, but that said request was refused. That thereupon said T. J. Delaney, in behalf of said Springfield Traction Company, prepared its abstract of the record and its brief and on or about the — day of March, 1906, as required by law, the appellant, by said T. J. Delaney, delivered to said Hon. O. T. Hamlin a copy of the abstract of the record prepared by appellant and also delivered to said Hon. O. T. Hamlin a copy of appellant's brief. That on the same day, after said abstract of the record and said brief had been so delivered to said Hon. O. T. Hamlin, the said Hon. O. T. Hamlin pleaded stress of business and requested a continuance of said cause which request was granted and by agreement said cause was continued to the October term, 1906, of said Kansas City Court of Appeals.

"And Whereas, it is further represented to us that on the — day of — 1906, and in compliance with the rules of said court, the said Springfield Traction Company filed with and in the office of the clerk of said Kansas City Court of Appeals copies of said abstract

of the record and copies of the brief of appellant; and that said abstract of the record so filed set forth all that was necessary to an intelligent understanding and proper decision of the issues involved; and also filed with and in the office of the clerk of said Kansas City Court of Appeals its brief in said cause. That on September 19, 1906, said Hon. O. T. Hamlin served appellant with notice that respondent would move to affirm said judgment for the failure, as alleged, of the appellant to comply with section 813 of Revised Statutes of Missouri, 1899, and for failure to comply with rules of the said Kansas City Court of Appeals; that on or about September 22, 1906, the said respondent served appellant's counsel with its brief in support of the motion to affirm said judgment which paper also contained the brief of respondent on the merits of the case; that thereupon appellant filed an 'additional abstract of the record' and its brief in opposition to said motion for affirmance; that on October 4, 1906, said cause came on for hearing in the Kansas City Court of Appeals, it being the day that said cause was docketed for hearing and on said day the said cause was argued both on motion to affirm and on the merits and was on said day submitted for decision; and that thereafter on the — day of January, 1907, the said Kansas City Court of Appeals sustained respondent's motion for affirmance on the grounds 'that the bill of exceptions must be authenticated by some entry on the records of the court and that an entry on a bill of exceptions of its filing is no evidence of its authenticity.'

"Relator says that afterwards and within ten days after the rendition of said judgment, the said appellant filed with and in the office of said clerk of the said Kansas City Court of Appeals, its motion for a rehearing and to set aside the said judgment of said Kansas City Court of Appeals and for a hearing on the merits, for the reason that it affirmatively appears from the abstract of the record that the said circuit

court of Polk county, Missouri, in term time, on November 27, 1905, by its order of record, which record is set out in said abstract, granted the appellant leave to file said bill of exceptions on or before March 1, 1906; and that said bill of exceptions was within said time signed by the judge of said court and was within said time filed with the clerk in said court in vacation, and that no further record entry was required or could be made and that the endorsement of said clerk is sufficient. That said motion for rehearing and for a hearing on the merits was the 14th day of January, 1907, by the said Kansas City Court of Appeals overruled.

"Now therefore, we being willing that full and speedy justice should be done in this behalf to it, The Springfield Traction Company, do command and enjoin that immediately on the receipt of this writ you, the said Honorable Judges of the Kansas City Court of Appeals, as a court, shall set aside your judgment heretofore rendered in said cause of Mahala H. Cramer v. The Springfield Traction Company and that you proceed to hear said cause and determine the same on its merits," etc.

In obedience to the command of this court, respondents made return substantially as follows:

Now come the respondents and for return to the alternative writ, hereby deny each and every allegation in said writ contained except as the same may hereafter be specifically admitted.

They admit that on the 10th day of August, 1905, there was pending in the circuit court of Polk county, Missouri, a case wherein Mahala Cramer was plaintiff and the Springfield Traction Company was defendant; and they allege that said cause was brought by change of venue from the circuit court of Greene county, Missouri, to Polk county, upon the application of relator, the Springfield Traction Company. They admit that on said 10th day of August, 1905, after due trial, a verdict was returned by a jury duly impaneled in said

cause, in favor of plaintiff, Mahala Cramer, and they, allege that said verdict was for the sum of two thousand dollars. Admit that on the 28th day of September, 1905, the Springfield Traction Company was granted an appeal to the Kansas City Court of Appeals. Admit that on the 19th day of October, 1905, the said Springfield Traction Company filed with and in the office of the clerk of the Kansas City Court of Appeals a duly certified copy of the judgment and order granting an appeal to the Kansas City Court of Appeals in said cause.

The respondents allege that by reason thereof the said Kansas City Court of Appeals became possessed of said cause and had and has exclusive appellate jurisdiction thereof.

Admit that at the April term, 1906, of the said Kansas City Court of Appeals said cause was by consent of parties continued to the October term, 1906, of said court.

Admit that counsel for the Springfield Traction Company, appellant in said cause, filed in said cause on October 1, 1906, what it calls an abstract of the record, a copy of which is hereto annexed, and made a part of this return, and marked "Exhibit A."

Admit that the respondent in said cause, Mahala Cramer, served notice on T. J. Delaney that she would move for an affirmance of said judgment in the Kansas City Court of Appeals and that she did file said motion in said court.

Admit that on or about September 22, 1906, respondent in said cause served appellant's counsel with its brief in support of the motion to affirm said judgment, and that thereupon appellant filed what is denominated an "additional abstract of the record," a copy of which is hereto attached and made a part of this return and marked "Exhibit B."

The respondents allege that this said so-called

additional abstract was filed without leave of court, but that they considered the same. Respondents admit that on the 14th day of October, 1906, said cause came on for hearing and that the same was presented upon briefs by both sides and both sides made oral arguments, and the same was thereupon finally submitted for decision of the court, both upon the motion to affirm and on the merits.

The respondents allege that thereupon they examined the records and abstracts aforesaid and on due consideration found the facts and reached the conclusion of law embodied in the following written opinion which was duly filed, as the opinion of the court in said cause:

"PER CURIAM: The appeal was taken in this cause on the 28th day of September, 1905. Time for filing bill of exceptions was extended until March 1, 1906. A certified copy of the judgment was filed with this court in due time for a hearing on the 10th day of March, 1906, it being the sixth day of the March term of court.

"Service of what purported to be an abstract of the case was accepted by respondent's attorneys on the last-named date and term named, but by agreement of parties the case was continued. At some time after the appeal was taken, but at what time it does not appear, the parties entered into a certain agreement in writing, which was filed with the clerk on September 28, 1906, to the following effect: 'It is hereby stipulated that any misrecital in bill of exceptions in this case may be corrected by either party hereto before final submission in the Court of Appeals, and any omission may be supplied by either party before said final submission, and any error of facts, or files, or dates thereof, or any misrecitals of an error in or omission of evidence may be supplied by either party hereto before final submission in this cause.'

"On September 24, 1906, the respondent filed a motion to dismiss the appeal.  On the same day appellant served on the respondent's attorney what purported to be an additional abstract of the record. Under the agreement mentioned, the appellant had the right to correct any error in its abstract, so as to make it comply with the record and the proceedings in the case and the evidence introduced at the trial, and with that object in view he has filed the paper marked 'Additional Abstract.'

"The amended abstract filed contains the following in regard to the filing of the bill of exceptions: 'In obedience to the order of Hon. Argus Cox, judge, in vacation, filed this bill of exceptions the 17th day of February, 1906.    LUTHER HYDE, Circuit Clerk.'

"Since the cause was submitted the appellant files an affidavit showing that there had been omitted from said entry the word '*I*' after the word 'file.'  We will treat the matter as it stands corrected.

"It is well-settled law in this State that a bill of exceptions, being a matter outside of the record proper, must be authenticated by some entry on the records of the court.  An entry on a bill of exceptions of its filing is no evidence of its authenticity.  'It has been uniformly ruled by this court that the record proper must, if in term time, show the filing of the bill of exceptions, and, if the time has been extended in term time, the record proper must show it and the minutes of the clerk in vacation must show the filing within the time allowed; that the recital in the bill cannot supply that defect, as in the very nature of the case the bill of exceptions is no part of the record until signed and filed by leave of court.'  [Ricketts v. Hart, 150 Mo. 64.  See, also, Roush v. Cunningham, 163 Mo. 173.]

"It seems to us that the filing of the bill of exceptions is a matter of record and that, as an entry on the bill is no part of the record, the endorsement by

the clerk does not show that any bill of exceptions was ever filed.

"There being no bill of exceptions, our inquiry is limited to a consideration of the record proper. It is contended that the amended petition on which the case was tried is a radical departure from the original petition, and does not state a cause of action.

"The former is founded upon the same cause of action as the latter, stated somewhat differently as to details, but there is no material difference in the two. We think that each states a good cause of action.

"Affirmed."

Wherefore, these respondents allege that they have fully performed their duty in the premises; that they have passed upon the merits of the case so far as they can under the law and the rules of their said court, and have rendered final judgment by an affirmance of the judgment of the said circuit court of Polk county upon the record before them. Wherefore, they ask to be discharged with their costs.

Thereafter, relator filed the following motion:

"Comes relator, and notwithstanding the return filed herein, prays that the alternative writ be made peremptory, and that this honorable court make a rule directing and commanding the Honorable Judges of the Kansas City Court of Appeals to proceed with and hear, examine and determine the said cause of Mahala Cramer vs. The Springfield Traction Company. upon its merits, because:

"1st. On the facts pleaded in the return, the Honorable the Kansas City Court of Appeals erred in sustaining the motion of respondent in said cause.

"2nd. On the facts pleaded in the return, the Honorable the Kansas City Court of Appeals erred in refusing to consider the bill of exceptions as the same appears in records filed in said cause and incor-

porated in said record, and erred in disposing of said cause on the petition and answer.

"3rd. On the facts pleaded in said return, the Honorable the Kansas City Court of Appeals erred in holding that there was no bill of exceptions in said cause.

"4th. On the facts pleaded in the return, and from the exhibits filed therewith, it appears that the bill of exceptions was filed within the time allowed by the order of court duly entered of record.

"5th. In holding that 'an entry on the bill is no part of the record,' the Honorable the Kansas City Court of Appeals decided said cause as though the endorsement on the bill is the only authority for filing same, whereas the Honorable the said Court of Appeals in its opinion recites that the time for filing the bill of exceptions was extended until March 1, 1906, and the return and the exhibits filed therewith show said bill of exceptions was filed February 17th, 1906.

"Wherefore, notwithstanding said return, and said return having confessed the allegations of the alternative writ, relator prays that a peremptory writ issue."

It is conceded that the Court of Appeals had jurisdiction of the subject-matter of the controversy and of the parties in the suit of Mahala Cramer against the Springfield Traction Company. The Court of Appeals did not refuse to consider such cause. On the contrary, it heard the same, and, in so doing, held that the bill of exceptions relied upon by the appellant in the cause, the Springfield Traction Company, could not be considered because there was no record entry of its filing in the case, and that the mere indorsement on the bill by the clerk of the circuit court, "In obedience to the order of Hon. Argus Cox, Judge, in vacation, filed this bill of exceptions this 17th day of February, 1906," was not sufficient. Whether this

ruling was right or wrong we are not concerned, for in any event it was as much a judicial question as any in the case, and the action of the court is not reviewable by this writ. This is not a case where the court had refused to act. In such case mandamus is the appropriate remedy to set the machinery of the court to which it is addressed in motion, but it will not direct the performance of any particular judicial act. The subordinate tribunal will be left free to give its best judgment. The scope and province of the writ is to prevent a failure of justice, from delay or refusal to act, when addressed to a court acting judicially. [State ex rel. Adamson v. Lafayette County Court, 41 Mo. 222; Trainer, etc., v. Porter, 45 Mo. 338.] "Nor will it lie to correct the errors of inferior tribunals by annulling what they have done erroneously." [State ex rel. v. St. Louis Court of Appeals, 87 Mo. l. c. 376; Dunklin County v. District Court, 23 Mo. 453; 1 Den. 644; 20 Wend. 658; 10 Pick. 244.]

In Sublette v. Railroad, 198 Mo. l. c. 192, Judge GRAVES, speaking for the court, said: "The Courts of Appeals have as much right to construe statutes as has this court, if construction of such is demanded in the courts of decision of cases coming properly within their jurisdiction, and their construction is as final in such cases as is the construction of statutes by this court in cases here."

The principles which we here announce are very clearly set forth in the case of State ex rel. Kansas City v. Field, 107 Mo. 445, wherein GANTT, P. J., speaking for this court, said: "It will be observed that Judge Field did not hold he had no jurisdiction of this proceeding, nor did he decline to permit the officer to amend his return, if as a fact he had complied with the ordinance, nor did he refuse the city counsellor an *alias* notice. He simply held the return, as to those not found or served, insufficient to justify service

by publication. He did not dismiss the proceeding, nor has he refused to proceed with the cause. If he is wrong in his interpretation of the law, and the sufficiency of this return, it is at most only an error which can be corrected by writ of error or on appeal. It cannot be tolerated that a party may invoke the extraordinary writ of mandamus every time the judge makes an error in his opinion. It was never designed this writ should usurp the function of a writ of error or appeal. Were the writ granted, it would simply require the learned judge to proceed to exercise his judicial discretion, and this he has not declined to do. Had he dismissed the case and declined absolutely to act, then a different case would be presented, and the case of State ex rel. Harris v. Laughlin, 75 Mo. 358, and similar cases to which we are cited, would be authority for requiring him to hear the case, and proceed, but here he has only said there is an irregularity in the process. It is a judicial question, that he alone could decide in the first instance, whether his court had jurisdiction of the owners of the real estate who had not been served with notices according to the ordinance. Instead of refusing or hesitating to perform his duty, he promptly decided the return insufficient. It cannot be said he has refused to exercise his jurisdiction."

Plaintiff, however, relies upon State ex rel. v. Philips, 97 Mo. 331; State ex rel. v. Smith, 172 Mo. 446; State ex rel. City of Stanberry v. Smith, 172 Mo. 618, and State ex rel. v. Gibson, 184 Mo. 507, as sustaining its contention that a peremptory mandamus should issue in this case.

The case first cited was an original proceeding by mandamus in this court, by which it was sought to compel the Kansas City Court of Appeals to reinstate a cause which it had refused to hear and determine, and had stricken from its docket. The next two cases

were of a similar character. The case last cited was an original proceeding in this court by mandamus to compel a circuit judge to sign a bill of exceptions. A peremptory writ of mandamus was awarded in each of these cases. But there is a very marked distinction to be drawn between those cases and the one at bar. In each of those cases the court refused to proceed with or to entertain jurisdiction of the cause, but dismissed it, while in the case at bar the Court of Appeals did entertain jurisdiction of the case in question and heard it, and rendered a written opinion therein affirming the judgment of the trial court. The dismissals were nothing more nor less than refusals to entertain jurisdiction of and hear the cases, and mandamus was clearly the proper remedy; but in this case the court pursued exactly the opposite course—heard the cause, and rendered judgment.

The case of State ex rel. v. Gibson, supra, has no bearing whatsoever upon this case.

The case at bar went to the Court of Appeals in due course of procedure, and the court took cognizance thereof. The first questions for the consideration of that court were those presented by the record, which involved the consideration of the bill of exceptions and its authenticity, and the judgment in that respect called for the deliberation of the court as much as did any other question involved in the case. It was a necessary step in the case, and the ruling of the court should not be interfered with.

Within the limits of its constitutional authority, the Court of Appeals has the same authority to hear and determine questions of law which the particular case before it involves as has any other court of this State over which it may have jurisdiction. If the Court of Appeals determines judicially, even though it may be erroneously, a legal proposition involved in a case over which it has jurisdiction, it is not for this

court to review its ruling by mandamus. [State ex rel. Hyatt v. Smith, 105 Mo. 6.]

The peremptory writ is denied, and the proceeding dismissed.

All concur, except *Gantt, C. J.*, who dissents and expresses his views in a separate opinion.

## DISSENTING OPINION.

GANTT, C. J.—I respectfully dissent from the opinion of my brethren. By section 3 of article VI of the Constitution of Missouri adopted in 1875, it is provided: "The Supreme Court shall have a general superintending control over all inferior courts. It shall have power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari* and other original remedial writs, and to hear and determine the same." By the 8th section of the amendment to the Constitution adopted November, 1884, it was specifically provided: "The Supreme Court shall have superintending control over the Courts of Appeals by *mandamus, prohibition* and *certiorari.*" By section 6 of said amendment it is further ordained that "the last previous rulings of the Supreme Court on any question of law or equity shall in all cases be controlling authority in said Courts of Appeals." The history of this amendment is so recent that its object is well known. Owing to the crowded docket of this court at that time, an effort was made to relieve it by the creation of these Courts of Appeals. In my opinion two main purposes were intended to be subserved by the amendment; one was to relieve the docket of this court and prevent delays in the administration of justice; the other was that there should be one uniform line of adjudications by keeping the Courts of Appeal in accord with each other and both of them in harmony with the decisions of this court. In State ex rel. v. Smith et al.,

Judges of the Kansas City Court of Appeals, 172 Mo. 446, and State ex rel. Stanberry v. Smith, 172 Mo. 618, this court by writs of mandamus required the Kansas City Court of Appeals to conform its practice as to the sufficiency of abstracts required by section 813, Revised Statutes 1899, by directing it to reinstate said appeals which it had dismissed. In State ex rel. v. Smith, 172 Mo. l. c. 459, Judge BRACE voiced the unanimous judgment of this court, by saying: "The case in question is within the exclusive appellate jurisdiction of the Kansas City Court of Appeals. From its judicial determination thereof no appeal lies to this court, and the writ of mandamus cannot be made to perform the functions of an appeal. Nevertheless, the Constitution provides that this court 'shall have superintending control over the Courts of Appeals by mandamus.' [Sec. 8, Am. of 1884, 1 R. S. 1899, p. 94.] And while under the power conferred on this court by this Constitutional provision the jurisdiction of the Court of Appeals to hear and determine the case cannot be invaded, yet the provision does confer the power and afford the means by which this court may compel that court to exercise its jurisdiction. To the end that it might properly do so, the Court of Appeals, in pursuance of the statute authorizing it thereto, adopted and promulgated certain rules for the presentation of causes in that court for their hearing and determination. As we have seen, the relator, in compliance with the statute and these rules, thus presented its case to that court for its hearing and determination. But the Court of Appeals, owing to an erroneous construction of its rules, refused to hear and determine the cause thus presented, and dismissed the appeal." Accordingly it was held this court by mandamus could and would require that court to reinstate the appeal and determine it. In this case, it appears the Court of Appeals refused

to consider the bill of exceptions filed in the case of Mahala Cramer v. The Springfield Traction Company, for the reason that the bill of exceptions filed by leave of the circuit court in vacation was not authenticated by any record or minute of record, but was endorsed by the circuit clerk when filed by the appellant therein in strict conformity to the order and leave of the court, made in pursuance of sections 728 and 732, Revised Statutes 1899, in the following words: "In obedience to the order of Honorable Argus Cox, Judge, in vacation, I file this bill of exceptions this 17th day of February, 1906. LUTHER HYDE, Clerk."

In support of its refusal to consider this bill of exceptions, the Court of Appeals, in its opinion, said: "It is well-settled law in this State that a bill of exceptions being a matter outside of the record proper must be authenticated by some entry on the records of the court. An entry on a bill of exceptions of its filing is no evidence of its authenticity. 'It has been uniformly ruled by this court that the record proper must, if in term time, show the filing of the bill of exceptions, and, if the time has been extended in term time, the record proper must show it, and the minutes of the clerk in vacation must show the filing within the time allowed; that the recital in the bill cannot supply the defect, as in the very nature of the case the bill of exceptions is no part of the record until signed and filed by leave of court.' [Ricketts v. Hart, 150 Mo. l. c. 68.]" That our brethren of the Kansas City Court of Appeals have misconstrued and misapprehended the meaning of the words "and the minutes of the clerk in vacation must show the filing within the time allowed," I take it we are all agreed. Our statutes make no provision for the clerk of the circuit and common pleas courts keeping vacation records except in cases where the statutes provide for orders of pub-

lication. By "the minutes of the clerk" was meant the noting of the filing of the bill of exceptions itself, and nothing more, and this has been and is the uniform ruling of this court. When, therefore, the appellant had his bill duly allowed and signed by Judge Cox and tendered it to the clerk within the time allowed and the clerk endorsed it filed and affixed his official signature thereto, it became a part of the record, and in my opinion, the Court of Appeals was bound to consider the bill of exceptions as a part of the record in that cause, and to deny appellant that right was to deny him a plain legal right accorded to every appellant in this court, and a clear misapprehension of the last rulings of this court on that subject. I am unable to accept the distinction made by my brethren between the dismissal of appeals in the two cases cited from the 172nd volume of our reports because the abstracts were deemed insufficient and the ruling that the bill of exceptions in this case was not properly authenticated. The ruling in each case led to the same result, a denial of the consideration of the exceptions of the appellant. To the end, therefore, that there should be one uniform practice in the appellate courts of this State and that the Court of Appeals should conform to the practice of this court, I think the writ of mandamus should be made peremptory, and this I do with the utmost respect for my learned brethren of the Kansas City Court of Appeals.