# THE STATE ex rel. WILLIAM CAULFIELD v. BROADDUS et al., Judges Kansas City Court of Appeals.

**In Banc, April 25, 1911.**

1. **MANDAMUS. Pleading: General Denial.** A general denial in respondents' return to an alternative writ in mandamus will be disregarded, as not a sufficient traverse of the writ's allegations.

2. ——: ——: **Reply: Treated as Demurrer.** Where relator's reply to respondent's return in mandamus does not raise an issue of fact, but prays the issuance of the peremptory writ, it may be treated as a demurrer to the return, and the cause considered at issue.

3. **APPEAL: Abstract: Affidavit: Sufficiency.** It is not necessary to set forth in the abstract of the record proper the affidavit for an appeal *in haec verba* or its contents, in order to entitle appellant to a hearing of his appeal in the appellate court. A statement in the record proper showing, in appropriate and unmistakable language and in narrative form, that the necessary steps to remove the case to the appellate court were taken, is a sufficient compliance with the statute and the rules of the court. A statement in the record proper, namely, that "afterwards on the 26th day of May, 1909, at said April term, 1909, of said circuit court, defendant filed its application and affidavit for appeal, and on the same day the court granted and allowed defendant an appeal to the Kansas City Court of Appeals, and approved the bond of said defendant for an appeal," is a sufficient setting forth of the affidavit to invest the Court of Appeals with jurisdiction of the cause; and the Court of Appeals committed error in dismissing the appeal on the ground that "the abstract of the record proper does not contain the affidavit for appeal, nor its substance."

4. ——: **Wrongful Dismissal by Court of Appeals: Mandamus.** When a Court of Appeals has improvidently dismissed a case appealed to it, on the ground that the abstract of the record proper fails to show an affidavit for an appeal, whereas in fact the matters set forth therein show a sufficient compliance with the statute in that respect, the Supreme Court will compel said Court of Appeals, by its writ of mandamus, to exercise its jurisdiction to hear and determine the cause.

Mandamus.

PEREMPTORY WRIT AWARDED.

*R. J. Holmden* and *W. C. Reynolds* for relator.

KENNISH, J.—This is an original proceeding by mandamus, brought by William Caulfield, as relator, against the judges of the Kansas City Court of Appeals, as respondents. It appears from the allegations of the alternative writ that relator appealed from a judgment rendered against him in the circuit court of Jackson county, to the Kansas City Court of Appeals. The cause was placed upon the docket for hearing and was submitted on briefs for decision in the latter court, but the court dismissed the appeal for the alleged failure of relator, as appellant, to comply with the rules of the court. Relator filed a motion praying the court to set aside this order and judgment dismissing his appeal and praying that the cause be reinstated on the docket for determination on the merits. That motion was overruled and thereafter this court, upon relator's petition, issued its alternative writ of mandamus to the respondents, commanding them to reinstate said cause on the docket for hearing and determination, or to show cause why they should not do so.

The respondents filed a return, pleading affirmatively substantially the same facts set forth in the alternative writ, also a general denial.

Relator filed a reply which does not traverse the material facts of the return but, in effect, raises issues of law and prays the court to issue its peremptory writ.

The general denial in respondents' return may be disregarded as not a sufficient traverse of the allegations of the writ. [State ex rel. v. Allison, 155 Mo. 325; State ex rel. v. Williams, 96 Mo. 13; State ex rel. v. Trammel, 106 Mo. 510.] And as relator's reply does not raise an issue of fact, but prays the issuance of the peremptory writ, it may be treated as a demurrer to the return and the cause considered at issue. [State ex rel. v. Newman, 91 Mo. 445.]

The facts, as gathered from the pleadings and necessary to an understanding of the case, are substantially as follows:

A judgment was entered against relator in the circuit court of Jackson county on the 15th day of April, 1909. Relator appealed from that judgment to the Kansas City Court of Appeals by what is known as the short form of appeal, and no question was raised in the said court of appeals, or is now raised, as to relator's compliance with the statute in that regard. The case was set for hearing on the docket of the said court of appeals on April 12, 1910. A printed abstract of the record, consisting of two parts, namely, the record proper and the bill of exceptions, was served on the respondent and copies filed with the clerk of the court of appeals, as required by the rules of the court.

At the hearing the cause was submitted by the parties on briefs, and respondent therein raised no question, by supplemental abstract, or otherwise, as to the regularity of the appeal or the sufficiency of the abstract of the record. The court, on the 6th day of June, 1910, delivered the following opinion, dismissing relator's appeal, to-wit:

"This is an action in replevin for a lot of personal property, which was begun before a justice of the peace. On appeal to the circuit court judgment was rendered for the plaintiff. The appeal is taken by what is known as the short form. The abstract of the record proper does not contain the affidavit for appeal, nor its substance. We have no means of ascertaining if it was sufficient to confer jurisdiction of the appeal on this court. It is not even recited that the trial court found it sufficient. Our rules require that the affidavit for appeal must be abstracted as a part of 'the entire record,' as authorized by section 813, Revised Statutes 1899. The point is directly decided in Shemwell v. McKinney, 214 Mo. 692, and Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407, 408. An

affidavit is set out in the abstract of the bill of exceptions, but we have decided time and again that it is not a matter of exception and has no place in such bill. It must appear in the record proper. The appeal will be dismissed.''

After setting out the foregoing opinion, the return of the respondents to the alternative writ herein continues as follows:

''Respondents further say that they have full power and authority to determine said question. The question of the sufficiency of said abstract was for these respondents in their official capacity, as judges of the Kansas City Court of Appeals, to decide, and if their decision was erroneous it was only error that the Supreme Court is without authority of law by their writ of mandamus to compel the respondents to set aside and vacate the order, dismissing said appeal, or to reinstate said cause upon the docket of said Kansas City Court of Appeals, or to compel respondents to hear and determine said cause again, as recited in the alternative writ of mandamus. That respondents have already rendered the only judgment which could have been rendered upon the subject-matter submitted for their consideration in said cause.''

Two questions are presented for consideration by the pleadings: First, is the recital in the abstract of the record proper, as to the filing of the affidavit for appeal, sufficient? Second, is the action of the court of appeals, in dismissing the case because of the insufficiency of the abstract of the record, subject to review by mandamus in this court?

The law applicable to the first of the foregoing questions has been the subject of investigation by this court in so many cases, a number of them quite recent, that nothing would be gained by a further discussion at this time. We shall merely consider whether the abstract of the record, upon the point under consideration, was sufficient as tested by the decisions of this

court, to entitle relator to a hearing of his case in the appellate court. The reference to the affidavit for appeal, as found in the record proper, and which the court of appeals adjudged insufficient, is the following: "Afterward on the 26th day of May, 1909, at said April Term, 1909, of said circuit court, defendant filed its application and affidavit for appeal, and on the same day the court granted and allowed the defendants an appeal to the Kansas City Court of Appeals, and approved the bond of said defendant for an appeal."

It appears from the recital in relator's abstract of the record above set forth that an application and affidavit for appeal was filed in the trial court by relator, as appellant, and that the court, acting judicially thereon, granted and allowed an appeal to the Kansas City Court of Appeals. And it must be admitted that if a statement in the record proper, showing in appropriate and unmistakable language and in narrative form, that the necessary steps to remove the case to the appellate court were taken, is a sufficient compliance with the law and the rules of the court, then the abstract before us must be upheld. On the other hand, if the affidavit itself is required to be set out *in haec verba*, or even the substance thereof, meaning by substance the essential facts required to be contained in the affidavit, then the holding must be otherwise.

In the case of Griffin v. Franklin, 224 Mo. l. c. 681, discussing the subject under consideration, Lamm J., speaking for the court, said: "Respondent files a motion to dismiss based on the theory that we have no jurisdiction because there was no affidavit for an appeal abstracted. A subdivision of plaintiff's brief is directed to the same point. The abstract shows that appellant 'applied for and was granted an appeal' to this court; that the order therefor was then and there duly entered of record. The abstract further shows that appellant 'appealed the case in due and statutory form,' etc. The abstract is somewhat scant, but it is

helped by necessary inferences. The presumption arises that the court proceeded by right and not by wrong and we think the expression 'due and statutory form' implies an affidavit (see Ray County Savings Bank v. Hutton, 224 Mo. 42, *arguendo,* on a kindred contention). But in this case the record entry showing an affidavit was filed, was brought here on appellant's suggestion of a diminution of the record and is shown by the return of the clerk to our writ of *certiorari.* We think the foregoing sufficient to show our jurisdiction.'' It should be added that even in the return of the clerk to the writ of *certiorari,* referred to in the foregoing extract, the recital as to the affidavit for appeal, which was held sufficient in that case, was in narrative form and is as follows: ''Defendant files his affidavit praying an appeal from the judgment of the court herein to the Supreme Court of the State of Missouri, which is by the court granted. The court fixes the amount of the defendant's appeal bond at the sum of one hundred dollars.''

The same question was passed upon in the case of State ex rel. v. Broaddus et al., 216 Mo. 336. In that case VALLIANT, J., speaking for this court, l. c. 348, said: ''It being conceded that in all other respects the record is sufficient, and there being no counter abstract filed, we hold that the statement in the abstract to the effect that the record proper of the circuit court shows that during the same term in which the motion for new trial was overruled the defendant filed an affidavit for an appeal and that on that affidavit the court made the order allowing the appeal to the Kansas City Court of Appeals, is sufficient to confer appellate jurisdiction of the cause on that court, notwithstanding neither the affidavit for the appeal nor a statement of its contents appears in the abstract.'' The doctrine of that case has been restated and reaffirmed in the recent case of Hutchison v. Patterson, 226 Mo. 174. See, also, State

ex rel. v. City of Stanberry, 172 Mo. 618; Elliott v. Delaney, 217 Mo. 14.

Under the law, as declared in the cases cited, it must be taken as the settled appellate procedure of the courts of this State that it is not necessary to set forth either the affidavit *in haec verba,* or its contents, in order to entitle appellant to a hearing of his appeal in the higher court.

In the opinion of the Kansas City Court of Appeals, dismissing relator's appeal, and set out in the return of the respondents herein, the case of Shemwell v. McKinney, 214 Mo. 692, is cited as authority for the action of the court in holding the abstract of the record insufficient. In that case this court said: "The abstract of the record proper does not show an affidavit for an appeal in this cause, nor does it state the substance of any such affidavit." The case last referred to does not set forth the facts which appeared in the abstract of the record then passed upon. An examination of that abstract, as it appears in the files of this court, discloses the fact that no affidavit was set out or even referred to and, therefore, the judgment of the court on the facts before it was undoubtedly correct. The abstract in relator's case, and under consideration, was so different in its facts that the ruling of the court in the Shemwell case cannot be regarded as authority in the case at bar.

As to the second proposition of law it is sufficient to state, in the language of the syllabus of the case of State ex rel. v. Smith, 172 Mo. 446, that, "When a Court of Appeals has improvidently dismissed a case appealed to it, the Supreme Court will compel it by mandamus to exercise its jurisdiction to hear and determine the cause." The law declared in that case has been affirmed in a number of subsequent decisions and it should no longer be considered an open question. [State ex rel. v. Smith, 172 Mo. 618; State ex rel.

v. Broaddus, 207 Mo. 107; State ex rel. v. Broaddus, 210 Mo. 1.]

It follows from the views above expressed that the peremptory writ should be awarded. It is so ordered. All concur.