STATE ex rel. CURRAN, and CURRAN, vs. PALMER.

24
115

63
²611

*Pleading in* quo warranto, *before the new rule. — Relator need not be entitled to the office.*

1. Under the statutes and the rules of court heretofore in force in this state, it was not necessary in *quo warranto*, where the complaint alleged that a certain number of illegal votes had been cast for the defendant, to state the names of the alleged illegal voters.
2. Where the relator in such action joins with the state as plaintiff, and the complaint states a good cause of action in favor of the state, a demurrer on the ground that it does not show the other plaintiff entitled to the office, is bad.

*D. W. Small*, for the demurrer.
*The Attorney General, contra.*

PAINE, J. This is an action of *quo warranto*, brought to oust the respondent from the office of coroner of Waukesha county; and the relator, who claims title to the office, joins with the state as plaintiff.

The respondent demurs to the complaint upon two grounds. The first is, that the allegations are not specific enough to enable him to know what votes the plaintiff claims to have been illegal. And his argument undoubtedly showed, that where the result of an election in an entire county was involved, neither party would be able to know what his adversary intended to prove, upon a mere general allegation that a certain number of illegal votes had been given. But the difficulty is one growing out of the wide range which the proof may take in such a case, rather than out of any defect in the allegation.

It was decided by this court in the case of *The State v. Hilmantel*, 21 Wis. 566, that under the established rules of pleading, the party was not bound in such cases to state in his pleading the names of the voters whose votes he claimed to be illegal. But at the same time the propriety of some further provision, requiring a list of

such names to be furnished, was suggested.   The legislature, at its last session, made a partial provision of that character ; and this court has, by a rule just adopted, made a still further provision, which, it is believed, will remedy the evil suggested by counsel.*   But according to the rules of pleading as they have long been established in such cases, the demurrer cannot be sustained upon this ground.

The other ground was, that it did not appear from the complaint that the relator had qualified according to law ; and therefore it did not appear that he was entitled to the office.   But whether he is or not, the complaint shows a good cause of action in behalf of the state ; and that is a sufficient answer to the demurrer.

*By the Court.* — The demurrer is overruled.

---

* See 22 Wis., Appendix B., p. 709.