## THE STATE ex rel. UNION ELECTRIC LIGHT & POWER COMPANY v. GRIMM, Judge.

### In Banc, May 22, 1909.

1. **MANDAMUS: To Inferior Court.** The writ of mandamus lies from the Supreme Court to an inferior court when the latter refuses to perform some act over which under the law it has jurisdiction and which it is required to perform, and where the relator has a clear legal right to have such inferior court exercise its jurisdiction, and has no other adequate remedy therefor.

2. **————: ————: Refusing to Exercise Jurisdiction: Striking Out Demurrer in Quo Warranto.** If the respondent corporation was entitled to demur to the information in the nature of a *quo warranto*, brought in the circuit court by the circuit attorney to oust said corporation from its corporate franchises for usurpation of powers, then said respondent is entitled to have the circuit court pass upon the legal questions which the demurrer tendered, and in such case the Supreme Court will compel the circuit court to exercise its jurisdiction and consider the demurrer and either sustain it or overrule it, and to reverse its order striking the demurrer from its files. But, of course, the Supreme Court has no right or power, in a proceeding by mandamus, to direct what the ruling of the trial court shall be.

3. **————: Quo Warranto: Pleading: Demurrer.** The pleadings in an information in the nature of a *quo warranto* are governed by the rules in a civil case, in matter of form as well as in matter of substance; and wherever the information, filed in the circuit court, avers that respondent has a corporate existence, and the evident purpose of the proceeding is to have respondent's charter forfeited for non-user, misuser, or usurpation of

powers, the information must plead specifically the acts of non-user, misuser or usurpation relied upon for grounds of forfeiture, so that the corporation may know what it is called upon to meet and defend; and when the information attempts to set out the details of the usurpation, the respondent is entitled, by demurrer, to tender the issue of law; and such demurrer being properly filed, it is the duty of the court to consider it and either sustain or overrule it, and if the court does neither but strikes it from its files, it fails to exercise its jurisdiction, and the Supreme Court will by its writ of mandamus compel the court to reinstate the demurrer and pass upon it.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Boyle & Priest, George T. Priest* and *T. E. Francis* for relator.

(1) The refusal of the trial court to pass upon the demurrer was a refusal to exercise jurisdiction conferred upon it by law, which it is compellable to exercise. If the demurrer was a proper pleading, this relator had a clear legal right to file it, and the refusal of the trial court to consider it was a refusal to exercise jurisdiction. Under these facts mandamus is the proper remedy. State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Smith, 172 Mo. 618; State ex rel. v. Broaddus, 210 Mo. 1; State ex rel. v. Neville, 157 Mo. 386; State ex rel. v. Dearing, 173 Mo. 510. (2) The Missouri Pacific case (206 Mo. 26), and the Standard Oil case, 218 Mo. 1, do not hold that a demurrer will not lie to an information in the nature of *quo warranto*. In the latter case, that question could not have been determined, inasmuch as the information was not demurred to. The former case merely determined that the information before the court was sufficient and was not vulnerable to attack by demurrer; it did not decide that a demurrer would not lie. (3) In *quo warranto* where the charge made against the respondent is a usurpation of corporate franchises, it

may be stated in the information in the most general manner, but where the charge made is a perversion—a misuser or non-user—of corporate franchises, the specific grounds constituting such misuser or non-user must be averred in the information. Even in the former case, after the respondent by its return has shown by what authority it exercises the franchises alleged to have been usurped, it devolves upon the informant to set up the specific grounds relied upon in his replication. 2 Spelling's Extr. Relief, sec. 1850; 17 Enc. Pl. and Pr. 474; State ex rel. v. Talbot, 123 Mo. 69. (4) If the charge be a usurpation of corporate franchises, the informant may set up the specific grounds relied upon in his information, instead of making the charge generally therein and supplying the specific grounds in his replication. However, he must allege the specific grounds at some stage of the pleading. At his election, they may be alleged in the information or in the replication; but they must be alleged in one or the other. And if he elects to set them up in the information, they cannot be regarded as surplusage. 17 Enc. Pl. & Pr. 460; High's Extr. Legal Remedies, sec. 728; Enterprise v. State, 29 Fla. 140; State v. Board Co. Com., 66 Minn. 532; People v. Goodrich, 92 App. Div. N. Y. 445; People v. Los. Angeles, 133 Cal. 338; State v. Com. Bank, 10 Ohio 541. (5) Therefore, even if it were true that the information filed in this case would have been sufficient if the charges it contained were general, instead of specific, still said information having stated the specific grounds upon which judgment of ouster was asked, the respondent was entitled to test the sufficiency of those grounds by demurrer. 17 Enc. Pl. and Pr. 460; High's Extr. Legal Remedies, sec. 728; Enterprise v. State, 29 Fla. 140; State v. Board County Commissioners, 66 Minn. 532; People v. Goodrich, 92 App. Div. N. Y. 445; People v. Los Angeles, 133 Cal. 338; State v. Com. Bank, 10 Ohio l. c. 541; State ex rel. v. Talbot, 123 Mo. 69. (6) The

right to demur to an information in the nature of *quo warranto* is expressly given by Sec. 4462, R. S. 1899. (7) The right to demur to an information in the nature of *quo warranto* has never been questioned in this State, but is recognized in numerous cases. State ex rel. v. Steers, 44 Mo. 223; State ex rel. v. Meek, 129 Mo. 431; State ex rel. v. Equitable Loan & Investment Assn., 142 Mo. 325; State ex rel. v. Corkins, 123 Mo. 56; State ex rel. v. Talbot,, 123 Mo. 69; State ex inf. v. Railroad, 182 Mo. 284; State ex inf. v. Delmar Jockey Club, 200 Mo. 34.

*Seebert G. Jones, Forrest G. Ferris* and *Arthur N. Sager* for respondent.

A demurrer is not a permissible form of pleading to an information in *quo warranto* containing, in addition to general allegations of usurpation or misuser, also a detailed statement of facts, and the demurrer in the circuit court was properly stricken from the files. State ex inf. v. Standard Oil Co., 218 Mo. 1; State ex inf. v. Railroad, 206 Mo. 40. The Supreme Court in the two cases already cited, as well as in the case of State ex inf. v. Equitable, 142 Mo. 333, has held that the general form of allegation customary in cases of usurpation is also proper and sufficient in cases where forfeiture is asked because of misuser or perversion. In the Missouri Pacific case (the second one mentioned in the opinion, there being two) the charge was an unlawful combination and conspiracy between the respondent, which was not, perhaps, a usurpation, but rather a misuser or perversion; we say "perhaps" in view of the language used in the Standard Oil case, which seems to indicate that such conduct would constitute a usurpation. But whether the wrong charged should be considered as constituting a usurpation or misuser, the rule as to the sufficiency of general averments in the information appears to be the same, at

least in this State. Counsel for respondent calls attention to Sec. 4462, R. S. 1899, and claims that this authorizes the interposition of a demurrer to an information. The answer to this contention is twofold. In the first place, the Supreme Court has held that article 2 of chapter 55, R. S. 1899, has reference only to *quo warranto* proceedings brought at the relation of a private citizen. State ex inf. v. Beechner, 160 Mo. 86. Moreover, a careful reading of section 4462 shows that it is a demurrer to the answer that is therein contemplated. Learned counsel for respondent calls attention to the fact that in the Standard Oil case no demurrer was interposed, and that, therefore, the court could not have passed upon the question of whether a demurrer to an information was permissible. That is true, but in that case the objection was made that the information was insufficient to sustain a judgment, and the court in passing upon that question distinctly affirmed the Missouri Pacific case, in which the question was clearly presented.

GANTT, J.—This is an original proceeding in this court to obtain a writ of mandamus against the respondent, one of the judges of the circuit court of the city of St. Louis, requiring him to set aside and annul an order made by the court over which he presided, striking from the files a demurrer filed by the relator to an information filed against it by the circuit attorney of the city of St. Louis, and to reinstate said demurrer and to proceed to consider and determine the same in accordance with law. To this application there has been filed a demurrer by Judge Grimm.

Briefly stated the alternative writ alleges that relator, The Union Electric Light and Power Company, is now and at all times mentioned in the said writ, was a corporation duly organized and existing under and by virtue of the laws of the State of Missouri; that respondent, Judge Grimm, is and since the 4th day of

January, 1909, has been one of the duly elected, qualified and acting judges of the circuit court of the city of St. Louis; that on May 18, 1907, the circuit attorney of the city of St. Louis exhibited in the circuit court of the said city an information in the nature of *quo warranto* against the said Union Electric Light and Power Company, and the said cause was duly assigned to Division Number Two of said court for hearing and determination; that thereafter in due time and by leave of court, the respondent in that proceeding, the relator herein, filed a demurrer to the said information, which was regularly argued and submitted, and which was thereafter, by said court, at that time presided over by the Honorable Daniel G. Taylor, as judge, sustained; that thereafter the informant moved the court to set aside the order sustaining the demurrer for the reason assigned that a demurrer will not lie to an information in the nature of *quo warranto*; that this motion was sustained in part by said court over which respondent Judge Grimm presided at the time and the order sustaining the demurrer was set aside; that thereafter the informant renewed his motion to strike the demurrer from the files, which last motion was by the court, presided over by respondent Judge Grimm, sustained on February 5, 1909, on the ground, and for the sole reason, that a demurrer is an improper pleading and does not lie to an information in the nature of *quo warranto*.

The information in the circuit court, which is set out in full in the alternative writ in this proceeding, did not plead facts, upon which judgment of ouster was sought, in general terms, and call upon the defendant therein to show by what authority it exercised the rights therein, but set up specific grounds for forfeiture, namely, that by means of three successive consolidations, four corporations, which had theretofore been engaged in furnishing electric light and power in the city of St. Louis in competition with each other,

became merged into one corporation, the Union Electric Light and Power Company, which consolidations, it is alleged, were unlawful, inasmuch as, it was alleged, they resulted in creating a virtual monopoly in violation of the Anti-Trust Act.

Upon argument in this court two questions were discussed, first, Is mandamus the proper remedy under the facts? Second, Did the circuit court correctly rule that a demurrer will not lie in any case, or at least in this particular case, to an information in the nature of *quo warranto?*

I. By section three of article six of the Constitution of Missouri "a general superintending control over all inferior courts and the power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari* and other remedial writs and to hear and determine the same," is conferred upon this court.

The writ lies from this court to an inferior court when the latter refuses to perform some act over which under the law it has jurisdiction and which it is required to perform, and the relator has a clear legal right to have such inferior court exercise its jurisdiction, and has no other adequate remedy therefor.

In Ex parte Parker, 120 U. S. 1. c. 743, Mr. Justice MATTHEWS said: "The writ properly lies in cases where the inferior court refuses to take jurisdiction, where by law it ought so to do, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof." In Ex parte Lowe, 20 Ala. 330, it was ruled that if an inferior court makes an order, which is in plain violation of the legal rights of one of the parties and by virtue of such order refuses to proceed further in the case, mandamus will go to compel the vacation of such order. This court has recently had occasion to determine its powers in this regard, and in the cases of State ex rel. v. Smith, 172

Mo. 446, and State ex rel. v. Smith, 172 Mo. 618, requir-
ed the Kansas City Court of Appeals to reinstate an
appeal, which the lower court had dismissed because of
a supposed defect in an applicant's abstract of the
record, and in State ex rel. v. Broaddus, 210 Mo. 1,
this court required the Kansas City Court of Appeals
to reinstate an appeal dismissed by the latter court
because of a supposed defect in an affidavit for ap-
peal. The grounds of these decisions was that the re-
fusal of the Court of Appeals to hear the appeal was
a refusal to entertain and exercise jurisdiction con-
ferred upon it by law. In State ex rel. v. Dearing, 173
Mo. 492, the circuit court struck out certain exceptions
to a commissioner's report in a condemnation proceed-
ing, and this court said: ''In this case we are not
asked to direct the circuit judge to sustain these excep-
tions or any one of them, but to require him to hear
evidence on the exceptions of relator, and to set aside
his order overruling them; in a word, to exercise a
jurisdiction which the statutes have imposed upon him,
and which he has, as we think, erroneously declined
to exercise.'' If the relator herein was entitled to de-
mur to the information filed against it by the circuit
attorney, it clearly had the right to have the circuit
court pass upon the legal questions which that de-
murrer tendered and the circuit court was bound to
exercise its jurisdiction and consider the demurrer and
either sustain or overrule it. Of course, this court has
no right or power in a proceeding by mandamus to
direct what its ruling should be, but we have the right,
and it is our duty, to require the circuit court to exer-
cise its jurisdiction.

II. Was the demurrer then a proper pleading in
the cause? The pleadings in an information in the
nature of *quo warranto* are governed by the rules in
civil cases rather than those which apply to criminal
proceedings, in matter of form as well as as in

matters of substance. By section 4462, Revised Statutes 1899, it is provided: "The court in which any information shall be exhibited shall allow to the relator and the defendant such convenient time to answer, reply or demur, as shall seem just and reasonable." That the right to demur to an information has been recognized in a' number of decisions by this court cannot be questioned: State ex inf. v. Equitable Loan & Investment Co., 142 Mo. 325; State ex rel. v. Corkins, 123 Mo. 56; State ex inf. v. Railroad, 206 Mo. 28.

Where usurpation of a public office or a franchise is claimed by the State and an information is filed by the Attorney-General to test the right to hold such office or enjoy such franchise, it is only necessary to allege generally that the person holding the office or enjoying the franchise does so without lawful authority and in such case as against the State it devolves upon such persons to show a complete legal right to enjoy the privileges in question. [People ex rel. Palmer v. Woodbury, 14 Cal. 43; State ex rel. Curran v. Palmer, 24 Wis. 63; State ex rel. Law v. Saxon, 25 Fla. 342; Town of Enterprise v. State ex rel., 29 Fla. 140.]

In State ex rel. v. Talbot, 123 Mo. 1. c. 71, it is said by this court: "It may be said further that it has been suggested that when the validity of an incorporation is questioned by the State, it is incumbent upon those assuming to act under it to show, not only a valid incorporation, but also that the business transacted thereunder is lawful and is conducted in a lawful manner. We do not think the position suggested can be sustained. The certificate, if issued under authority of law, prima-facie confers the right to conduct the business therein authorized, and in order for the State to attack the corporation for acts of its officers *ultra vires,* or contrary to the Constitution or laws of the State, it devolves upon it to charge and

prove the abuse or misuser of its franchises relied upon as a ground of forfeiture. [2 Spelling on Extraordinary Relief, secs. 1850, 1851, 1860.]"

In section 1850 of Spelling's work just cited, it is said: "An information to have a charter of a corporation declared forfeited must set forth a substantial cause of forfeiture. Under the earlier practice, and before *quo warranto* was placed on a footing with civil remedies, the prosecutor might in a proceeding to forfeit corporation franchises either disclose in his information the specific ground of forfeiture relied upon, or he might in general terms charge the respondent with exercising certain franchises without authority and call upon it to show by what warrant such powers were claimed. The plea might then deny the facts charged in general terms, or set forth the authority relied upon, as the case might be, and the replication might then allege the acts upon which the prosecution relied as working a forfeiture. These again might be denied, or a demurrer might be filed following substantially the same course as in ordinary common law pleadings. But under the system now generally prevailing, the complainant must conform to usual requirements of good pleading with respect to the certainty of the allegations. The fact of the legal existence of the corporation, and the steps by which it became a corporation, should be stated, notwithstanding that the bringing of the action against the corporation by the name by which it is known admits that it once had a legal beginning as a corporation. And where a complaint seeking the forfeiture of a franchise of a corporation alleges that the corporation has ceased to exist, it must state how and by what means it has ceased to exist. But where, in a complaint against a corporation, the prosecutor alleged that it had omitted to perform certain acts essential to its existence as a corporation, thus violating its charter, and the de-

fendant demurred to the complaint as containing inconsistent allegations, the court held that the complaint was good, containing but one subject-matter, to-wit, the right of the corporation to continue to exercise certain franchises." In section 1852 of the same work it is said: "Where a number of individuals assume to act as a corporation, an information containing a general denial of their right to do so will be sufficient to put them to their plea of justification. But when the information attempts to set out their title, which, when taken in connection with a public law, discloses such additional facts as make their title good, the information will be obnoxious to a demurrer."

It will thus be observed that not only our statute on the subject of *quo warranto,* but the decisions of this court have recognized the right of a defendant or a respondent to demur to the information in the nature of *quo warranto,* and this doctrine is the prevalent one in other States and is approved by the text-writers, on the ground that it brings the pleadings and practice in these *quo warranto* cases in harmony with the practice in other civil cases.

A memorandum of the learned circuit judge, the respondent in this case, indicates that he felt constrained against his own opinion by the decisions of this court in State ex inf. v. Railroad, 206 Mo. 28, and in State ex inf. v. Standard Oil Co., 218 Mo. 1, 364, to strike out the demurrer in this case. Neither of these cases, however, holds that a demurrer will not lie to an information in the nature of *quo warranto.* In the Standard Oil case, that question could not have been decided, inasmuch as there was no demurrer to the information, and in the Missouri Pacific case, the ruling was that the information before the court was sufficient and not open to attack by demurrer. It did not decide that demurrer could not, in a case of *quo warranto,* be a proper pleading. If the court had

intended to hold that a demurrer was not a proper pleading, it would have stricken it from the files instead of considering, determining and overruling the same, as it did. It is evident, we think, that the learned circuit court based its ruling in this case upon the following language in State ex inf. v. Railroad, supra: "These demurrers go mainly on the idea that the informations are not sufficiently specific in detailing the facts which constitute the charge of usurpation; that idea is out of place in this kind of proceeding; the State calls on these corporations to answer, and the duty of pleading specifically the facts rests on them." We think this language was unfortunate and misleading, and that we failed to make clear the distinction between a proceeding by *quo warranto* to test the right of individuals to exercise a franchise, in which case it would only be necessary to charge in general terms their user of the franchises, that the same was without authority of law, and then a prayer for the court to require said parties to show by what authority they exercised said rights; and a case wherein a corporation has been duly organized with specific charter powers, and it is claimed that said corporation has usurped other franchises than those granted to it by the act of incorporation, or wherein it has, by reason of misuser or nonuser, failed to carry out the purpose of this incorporation. In this and similar cases, we think the rule announced in State ex rel. v. Talbot, 123 Mo. l. c. 71, is the correct one, to-wit, that in order for the State to attack the corporation for acts of its officers *ultra vires,* or contrary to the Constitution or laws of the State, it devolves upon it to charge and prove the abuse or misuser of its franchises relied upon as a ground of forfeiture. In other words, whenever the information in *quo warranto* avers that the respondent has a corporate existence, and the evident purpose of the proceeding is to have its charter forfeited for non-user, misuser, or usurpa-

tion of powers, then the pleader must plead specifically the acts of non-user, the acts of misuser, or of usurpation relied upon for grounds of forfeiture, so that the corporation may know what it is called upon to meet and defend. And when the information attempts, as it did in this proceeding in the circuit court, to set out the details of the usurpation of the franchises by the relator, and all the facts were pleaded, we can see no reason why the relator should not be allowed to tender an issue of law, by its demurrer, as was done in State ex inf. v. Equitable Loan & Inv. Co., 142 Mo. 325. If, as this court held in that case, a proceeding by information in the nature of *quo warranto* was a civil procedure, we can see no reason why a demurrer might not be properly filed, in order to test the sufficiency of the information, and we have been unable to find any case in this State which denies the relator that right. If the information on its face showed a clear legal right in the relator to exercise the franchise, which it was charged with usurping, it was entitled to the judgment of the circuit court to that effect, without going through the needless costs and delays of tendering an issue of fact, when there was, in fact, none.

It must needs follow that the relator had a clear legal right to interpose its demurrer to the information in the circuit court upon the sufficiency of the information, in view of the objections in the demurrer, and that the circuit court erred in striking the demurrer from the files.

Accordingly, it is ordered that the peremptory writ of mandamus issue, requiring the respondent, Judge Grimm, to set aside his order striking the demurrer from the files and to permit the same to be refiled and reinstated, and that he proceed to hear and determine the same. *Burgess, Fox, Lamm, Woodson* and *Graves, JJ.,* concur; *Valliant, C. J.,* absent.