## THE STATE ex rel. MODERN WOODMEN OF AMERICA v. ELBRIDGE J. BROADDUS et al., Judges of Kansas City Court of Appeals et al.

### In Banc, January 27, 1912.

1. **ABSTRACT: Motion for New Trial: Abstract Showing Filing During Term.** Appellate courts take judicial notice when the regular terms of circuit courts are held, and must judicially know that a regular term of the circuit court of Adair county was held on Monday, May 16, 1910. Hence, where the abstract of the record proper recites that the cause came on for trial on the 16th day of May, 1910, that a verdict was returned and a judgment entered on the 17th day of May, 1910, that appellant filed a motion for a new trial on May 18, 1910, that thereafter on the 1st day of June, 1910, said motion for a new trial was taken up, heard and overruled, and that an appeal was granted "at the same term" and on the same day, it will be presumed that the court met in regular session on May 16, 1910, and continued in regular session until and including June 1, 1910, and that the motion for a new trial was filed during the same term at which the verdict was rendered. Besides, it is the duty of the appellate court to read into the printed abstract the certified copy of the judgment and order granting an appeal on file with its clerk, and if that copy shows that the May term continued until June 1st, it should be held that the motion for a new trial filed on May 18th was filed "at the same term" the verdict was returned.

2. **————: Request to File Supplemental Abstract.** A mere request to file a supplemental or more complete abstract of the record after appellant's original abstract has been challenged, does not justify the appellate court in refusing to consider the original abstract then on file.

3. **————: Omission of Pleadings.** Where the abstract contains the petition, answer and reply *in haec verba*, except the style of the case and the signatures of attorneys are omitted, the Court of Appeals is not justified in refusing to consider the case on the ground that the abstract does not show the pleadings upon which the cause was tried in the circuit court.

4. **————: Naming Term of Circuit Court: Judicial Knowledge.** It is within the judicial knowledge of an appellate court that a regular term of the circuit court of Adair county was begun on Monday, May 16, 1910; and though the abstract does not recite the cause was tried at a term of the circuit court of that county, yet that defect, if it is one, since the abstract recites that the cause came on for trial in the circuit court on May 16, 1910, is supplied by the court's judicial knowledge.

5. ————: **Record Entry of Appeal Granted.** Where appellant's abstract under the caption of "Record Entries" recites that at the same term of the court "said appeal was granted" to appellant, that is a showing of a record entry of the order granting the appeal.

6. ————: **Bill of Exceptions: Order Granting Appeal: Not Mentioned in Bill.** The record proper derives no force or validity from any recital in the bill of exceptions, and it is not necessary that the bill of exceptions contain a recital that the trial court extended the time for filing a bill of exceptions or a recital of the order granting an appeal, but a recital of those matters in the record proper is sufficient.

7. ————: **Court of Appeals: Erroneous Refusal to Hear Case on Merits: Mandamus.** Where the judges of a court of appeals have adjudged, on clearly erroneous grounds, that appellant's abstract was insufficient to authorize them to consider the errors assigned in appellant's bill of exceptions, the Supreme Court will by mandamus compel them to reinstate the cause and determine it upon its merits. The fact that the court has adjudged the abstract insufficient, and in their return plead that they had jurisdiction to so determine and whether their adjudication was correct or not the ruling was one within their jurisdiction, will not avail to prevent the writ from issuing.

8. ————: ————: ————: ————; **Partial Jurisdiction.** The constitutional power of the Supreme Court to compel the judges of a court of appeals to exercise their jurisdiction in a case properly lodged with them on appeal, necessarily implies the power to compel them to exercise their whole jurisdiction, and to determine all issues presented by the appeal. The Supreme Court has power to compel them to consider the sufficiency of the abstract lodged with them; and it is not shorn of its power to compel them to consider assigned errors, simply because they have, on clearly erroneous grounds, adjudged the abstract insufficient to preserve such assignments for consideration.

9. ————: ————: ————: ————: **Directed also to Sheriff and Circuit Clerk.** Where a Court of Appeals has refused, on erroneous grounds, to entertain appellant's appeal and has affirmed the judgment and refused appellant a rehearing, and ordered its mandate sent down, and an execution has issued, the Supreme Court, having determined that said Court of Appeals must hear said appeal on its merits, will, by its separate writ of mandamus, compel the circuit clerk to return to the Court of Appeals its mandate affirming the judgment, and the sheriff to return the execution, in order that the case may remain *in statu quo* until the appeal is fully and finally determined.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Benjamin D. Smith* and *C. K. Hart* for relator.

(1) The court will take judicial notice of the time the stated terms of court commence and the date when the motion was filed, that is, the eighteenth day of May, 1910, excludes the idea that the court was in session at the next term after the judgment term, as the times fixed by statute for the terms of the circuit court of Adair county are the third Monday in May and the fourth Monday in October, hence the court could not on any date in May or June, 1910, have been in session at the October term of court. Ray County Savings Bank v. Hutton, 224 Mo. 51. (2) The certified copy of judgment and order granting an appeal which are on file in this court shows that the order granting an appeal was made at the same term of the court; and the certified copies of the judgment and order granting an appeal will be read into the abstract. Ray County Savings Bank v. Hutton, 224 Mo. 42; Coleman v. Roberts, 214 Mo. 634. (3) There can be no question but what this court would, on a proper showing issue a peremptory writ of mandamus to the Kansas City Court of Appeals in a case where that court had improperly dismissed an appeal. Can there be any good reason urged why this court should not have the same power in a case where the Kansas City Court of Appeals, ignoring the errors alleged, affirms the judgment on a record proper in which no error has ever been suggested? This court in a long line of cases, including State ex rel. v. Smith, 172 Mo. 446; State ex rel. v. Smith, 172 Mo. 618; State ex rel. v. Phillips, 97 Mo. 331; State ex rel. v. Broaddus, 210 Mo. 1, has held that where the lower court has refused to exercise

jurisdiction and dismissed the appeal the peremptory writ may properly issue.

*Campbell & Ellison* and *Weatherby & Frank* for respondents.

BROWN, J.—Mandamus to compel respondents, as judges of the Kansas City Court of Appeals, to set aside an order made by them, as such judges, in March, 1911, affirming a judgment of the circuit court of Adair county, wherein one Nannie Floyd is respondent and the Modern Woodmen of America, a fraternal benefit society, is appellant.

The writ also seeks to compel respondents to set aside an order made by them in said cause denying said appellant a rehearing, and to compel said respondents to re-docket said cause and to hear and determine same on the whole record presented by said appeal.

An examination of the writ and return of the respondents thereto discloses the following facts:

On May 17, 1910, Nannie Floyd, as plaintiff, obtained a judgment for $2000 against the Modern Woodmen of America, as defendant, in the circuit court of Adair county. Said defendant appealed from said judgment to the Kansas City Court of Appeals, filing in said last named court a certified copy of the judgment and order granting the appeal, and also what was intended to be a printed abstract of the entire record.

In March, 1911, respondents heard said appeal, but believing that appellant's printed abstract of the record proper was not sufficient to give them jurisdiction of the alleged errors noted in the bill of exceptions, affirmed the judgment. They also denied appellant a rehearing of said appeal.

From the opinion filed by respondents in said case of Floyd, respondent, v. Modern Woodmen of America, hereinafter designated as appellant, we find that they

refused to consider the alleged errors of the trial court noted in the bill of exceptions on the following grounds:

1. The record proper in said case of Floyd v. Modern Woodmen of America does not show that appellant's motion for new trial was filed during the same term of the circuit court at which the verdict was rendered.

2. Said appellant requested permission of respondents to file in said cause a supplemental or more complete abstract of the record.

3. Said abstract does not show any of the pleadings upon which the cause was tried in the circuit court.

4. It does not recite that the cause was tried at a term of the circuit court of Adair county.

5. It shows that an appeal was granted, but does not recite any record entry to that effect.

6. The bill of exceptions does not refer to the first order made by the trial court extending the time for filing the exceptions, and the bill of exceptions likewise does not refer to the order of the trial court granting the appeal.

7. In their return to the alternative writ herein, respondents allege that the sufficiency of appellant's printed abstract of the record was a matter within the jurisdiction of the respondents as judges of the Kansas City Court of Appeals, and if they committed error in adjudging said abstract insufficient, "it is error merely from which there is no appeal, and relator cannot by mandamus secure a rehearing in this or any other court."

On pages 24 and 25 of appellant's printed abstract, under the caption, "Record Entries," appears the following:

State ex rel. v. Broaddus.

On the 16th day of May, 1910, tne aoove entitled cause came on for trial before the Honorable Nat M. Shelton, Judge of the Circuit Court, and a jury.

On the 17th day of May, 1910, the Jury found a verdict for the plaintiff in the following form:

"We, the jury, find for the plaintiff in the sum of $2,000.

"W. P. LINDER, Foreman."

Which said verdict was duly entered of record on said 17th day of May, 1910, the judgment was duly entered thereon on said date in due form (certified copy of judgment on file in Court of Appeals).

On May 18, 1910, the defendant filed its motion for a new trial herein, and thereafter, to-wit, on the first day of June, 1910, the said motion for a new trial was taken up by the court, heard, and considered, and overruled, to which action of the court defendant then and there objected and excepted.

Whereupon, on the first day of June, 1910, the defendant at the same term of court filed an application and affidavit for an appeal to the Kansas City Court of Appeals, which said appeal was granted on said date, and defendant was granted until on or before or during the October term 1910, of the court, within which to file its bill of exceptions.

Afterwards on the 14th day of June, 1910, within the time granted by the court, defendant filed its appeal bond, which said bond· was approved.

Afterwards, within the time granted by the court for the filing of the bill of exceptions by an order entered of record on the 10th day of October, 1910, during the October term of the circuit court of Adair county, Mo., the court for good cause shown, extended the time for the filing of the bill of exceptions until the first day of December, 1910.

And within the time granted for the filing of said bill of exceptions, to-wit, on the first day of October, 1910, comes the defendant and tenders to the Honorable Nat M. Shelton its bill of exceptions, which said bill of exceptions was thereupon, upon said date, allowed and signed by the said judge, Honorable Nat M. Shelton, and ordered filed, and said bill of exceptions was thereupon filed in the office of the clerk of the said circuit court of Adair county, Mo., on the 28th day of November, 1910.

On the 3d day of August, 1910, the appellant filed in the Kansas City Court of Appeals a certified copy of the judgment hereinbefore referred to and order granting an appeal in this cause.

## OPINION

I.  We are of the opinion that respondents were in error in holding that the printed abstract of the record prepared by appellant did not recite that the motion for new trial was filed at the same term of the circuit court at which the judgment was rendered.

As appellate courts take judicial notice when the regular terms of circuit courts are held, respondents must judicially know that a regular term of the circuit court of Adair county was held on Monday, the 16th day of May, 1910.

Appellant's printed abstract of the record recites that the trial was begun on said 16th day of May, 1910, and completed on the 17th day of said month; and that the motion for new trial was filed on May 18th, 1910.  The order granting the appeal was entered on June 1st, 1910, and recites that it was entered at the *same term*.  From these entries we will indulge the presumption that the circuit court convened in regular session May 16, 1910, as required by section 4017, Revised Statutes 1909, and that it continued in such regular session until June 1st of that year.  It is the duty of appellate courts to read into the printed abstract the certified copy of the judgment and the order granting the appeal when the printed abstract is not clear and definite.  [Ray Co. Savings Bank v. Hutton, 224 Mo. 42, l. c. 51.]  By that simple act, any doubt which clouded the minds of respondents as to whether the motion for new trial was filed at the same term the verdict was returned, would have been removed, because said certified copy shows that the May term continued until June 1st, when the appeal was granted. Consequently, we must hold respondents were not justified in refusing to consider the bill of exceptions on the ground that the record proper failed to show that the motion for new trial was filed in due time.

II.  Respondents' second ground for refusing to consider appellant's bill of exceptions is that appellant requested permission to file a supplemental or more complete abstract of the record after his original abstract had been challenged.  We do not think that the mere request for permission to file a supplemental abstract justified respondents in refusing to consider the bill of exceptions.  While it was probably appropriate to refuse the filing of a supplemental abstract, the mere request to file same, in the absence of a defect in the printed abstract, could be no excuse for refusing to consider the bill of exceptions.  In other words, the printed abstract should have been judged by its contents rather than by the offer of appellant to file an additional or corrected abstract.

III.  The opinion of respondents recites that they declined to grant the appellant a rehearing, on the ground that the abstract omits the pleadings upon which the cause was tried in the circuit court; but an inspection of the abstract shows that, commencing on page 1 and ending on page 23, it contains the petition, answer and reply *in haec verba,* except that the style of the case and signatures of attorneys are omitted.  Hence, it is entirely clear that respondents were not justified in declining to grant a rehearing on this alleged ground.

IV.  Respondents' said opinion also recites that appellant's abstract does not state that the cause was tried at a term of the circuit court of Adair county. It is only necessary to say that whatever defect there is in the abstract on this point is supplied by the judicial knowledge of the court, that a regular term of the circuit court of Adair county convened on the 16th day of May, 1910, which is the same day the trial was begun, as recited in the abstract.  [State v. Broderick, 70 Mo. 622; Hadley v. Bernero, 97 Mo. App. 314.]

V. It is also alleged by respondents that appellant's printed abstract shows no record entry of the granting of the appeal. Here again we think respondents were clearly mistaken, because the appellant's abstract of "Record Entries" (page 24 of the abstract), recites that an appeal was granted on June 1, 1910. This purports to be an abstract of the record entry of the court, and can mean nothing else than that the appeal was granted by an order of the court duly entered of record.

VI. As a further ground for refusing to consider the bill of exceptions, respondents in their opinion recite that the bill itself does not mention the fact that the trial court extended the time for filing said bill, nor does it recite that the court made an order granting an appeal. Whether the appeal was properly granted and whether the bill of exceptions was filed in such timely manner as to give respondents jurisdiction of alleged errors noted in said bill must be determined by the record proper. The record proper derives no force or validity by any recital in the bill of exceptions, and as the record proper in this case shows that the bill of exceptions was filed within the time granted by the court, it was not at all necessary that the bill itself should refer to the order extending time nor the order granting the appeal. We have repeatedly held that copying into a bill of exceptions the order granting time to file same was insufficient to show that said order was entered of record, but that the order granting time must appear in the record proper. [Pennowfsky v. Coerver, 205 Mo. 135.]

As the order granting time to file bill of exceptions and the order granting the appeal were in the abstract of record proper in this case, it would have been a useless waste of time and space to have again recited or referred to them in the bill of exceptions.

VII.   This brings us to the last matter of defense set up by respondents to prevent the issuance of the peremptory writ in this case; to-wit, that respondents were clothed with full jurisdiction to determine the sufficiency of the abstract of the record, and even though they may have erroneously adjudged the abstract insufficient, the writ of mandamus cannot be invoked to compel them to reverse their ruling.

The case of State ex rel. v. Broaddus, 207 Mo. 107, is cited by respondents to sustain their contention on this point.

The majority opinion of this court in that case does sustain the contention of respondents on this point, but it is not the last and controlling opinion of this court on the point in controversy.   In the case of State ex rel. v. Broaddus, 210 Mo. 1, the respondents had erroneously adjudged an affidavit of appeal insufficient, and thereupon dismissed the appeal; and we directed them to reinstate the case and hear said appeal.   That case in legal effect was almost precisely like the case at bar.   The preparation and filing of a proper affidavit for appeal in that case was only a necessary preliminary to obtain a review by appeal of the alleged errors of the trial court; and in the case at bar, the preparation, settling and filing of a proper bill of exceptions and the printing of a proper abstract of the record were only matters preliminary and necessary to secure a review by appeal of the alleged errors of the trial court noted in the bill of exceptions.

In the recent case of State ex rel. v. Grimm, 220 Mo. 483, the circuit court of the city of St. Louis struck from its files and refused to consider a demurrer to an information in the nature of *quo warranto;* and in a proceeding by mandamus, we held that it being the duty of the trial court to hear and determine the aforesaid demurrer, it could not be permitted to evade that duty by striking the demurrer from its files.

It is conceded by respondents that if they had improvidently dismissed the appeal, we would have had power to compel them to reinstate the cause and hear and determine same, but as they did in this case hear the appeal and exercise their jurisdiction by affirming the judgment of the lower court, we are powerless to compel further action on their part by the writ of mandamus. In this view, we think respondents are clearly in error. If we have power under the Constitution to compel them to exercise a part of their jurisdiction over an appeal, we undoubtedly have the power to compel them to hear all issues properly presented by such appeal, whether such issues be found in the record proper or in the bill of exceptions. Our constitutional power to compel respondents to exercise their jurisdiction in an appeal properly lodged with them, necessarily implies a power to require them to exercise their whole jurisdiction in such appeal, and to determine all issues presented therein.

Finding that it was the duty of respondents as such judges of the Kansas City Court of Appeals to consider the alleged errors noted in relator's bill of exceptions, the peremptory writ will issue, as prayed.

Relator having also asked that the clerk of the circuit court of Adair county be required to return to the Kansas City Court of Appeals the mandate affirming the judgment of the circuit court, and that the sheriff of said county be also required to return an execution issued on said judgment and delivered to him, separate writs will issue to said clerk and sheriff, as prayed, to the end that the judgment against relator shall remain *in statu quo* until the appeal is fully and finally disposed of.

*Valliant, C. J.,* and *Kennish, Graves* and *Lamm, JJ.,* concur; *Ferriss* and *Woodson, JJ.,* dissent.